Argued and submitted July 22, 1982, rules held valid April 27, reconsideration filed May 26 allowed, former opinion (65 Or App 465, 671 P2d 729) modified November 9, reconsideration denied December 23, 1983, petition for review denied February 15, 1984 (296 Or 486)
See 296 Or 464, 676 P2d 878 (1984) for Linde, J. dissenting opinion

# OREGON FIRE/POLICE RETIREMENT COMMITTEE,
*Petitioner,*

*v.*

# OREGON PUBLIC EMPLOYES' RETIREMENT BOARD et al,
*Respondents.*

## (CA A23477)

662 P2d 729

Gary K. Jensen, Eugene, argued the cause and filed the brief for petitioner.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondents. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Oregon Fire/Police Retirement Committee filed a petition for judicial review of amendments to rules promulgated by Public Employes' Retirement Board (PERB), asking that they be declared invalid. The subject rules, OAR 459-30-015, 459-30-025 and 459-10-040, are regulations which PERB amended on November 20, 1981. The issue here is whether those regulations are impermissibly inconsistent with the applicable statutory provisions. We hold that the rules are valid.

■ ■ Regulations may be adopted only to carry out provisions of a statute and not to change them. *Joint Council of Teamsters v. OLCC,* 46 Or App 135, 139, 610 P2d 1250, *rev den* 289 Or 337 (1980). An administrative agency may not, by its rules, amend, alter, enlarge or limit the terms of a legislative enactment. *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 542 P2d 900 (1975).

## DETERMINATION OF "EQUAL TO OR BETTER THAN"

■ ■ PERB is charged, under ORS 237.620(4), with ensuring that any retirement program of public employers for police officers and fire fighters provide benefits which are equal to or better than the benefits provided under Public Employes Retirement System (PERS). Petitioners contend that PERB has improperly delegated this responsibility.

PERB may promulgate regulations under ORS 237.470[1] and has done so with respect to the administration of ORS 237.620(4), which provides:

"Notwithstanding subsections (1) and (2) of this section, if a public employer provides retirement benefits to its police officers and firemen which are equal to or better

---

[1] ORS 237.470 provides:

"The Public Employes' Retirement Board shall promulgate regulations, not inconsistent with ORS 237.410 to 237.520, necessary to provide proper procedures to assure conformity with section 218 of title 2 of the federal Social Security Act and amendments thereto, and federal regulations adopted pursuant thereto. Such regulations shall include provisions governing application procedures, requiring an applicant to present proof satisfactory to the board of its ability to discharge its obligations under ORS 237.410 to 237.520, determining the extent of coverage within separate coverage groups, and provisions prescribing the time and manner of filing reports and making any payment required by ORS 237.410 to 237.520."

than the benefits which would be provided to them under the system, *as determined* at the expense of the public employer *by the Public Employes' Retirement Board,* the public employer shall not be required to participate in the system with respect to its police officers and firemen. * * *" (Emphasis supplied.)

While it is clear that ORS 237.263 authorizes PERB to delegate and make regulations to carry out its statutory duties, PERB cannot delegate the authority to make the final decision. The determination of whether a retirement program for police officers and fire fighters is equal to or better than PERS is to be made by PERB alone.

OAR 459-30-015, as amended, reads:

"(1) Any exemption granted by [PERB] to a local public employer for the nonparticipation in the system of its police officers and fire fighters which are equal to or better than the benefits which would be provided to them under the system will be determined by the Board's actuary at the expense of the local public employer.

"(2) This review valuation will be performed by the actuary under contract to PERS unless, within thirty (30) days from the date of receipt of the official notice from the Board that an evaluation must be made, PERS is notified in writing that the public employer will furnish its own valuation using actuarial assumptions last adopted by the PERS Board, by a qualified actuary together with a hold harmless clause signed by the actuary and an authorized representative of the public employer. 'Qualified actuary' means a competent actuary who is familiar with public plans and who is a Fellow of the Society of Actuaries and an enrolled actuary under E.R.I.S.A."

Determination of whether the alternative retirement plan is equal to or better than PERS is to be made: (1) by PERS's actuary; or (2) by the public employer's qualified actuary using actuarial assumptions adopted by PERS if a hold-harmless clause is signed by the actuary and the employer.

■ ■ There is no doubt that PERB may rely on an actuary to compile figures and provide an evaluation according to PERB standards. Though the wording may be bothersome, the rule delegates only the actual detailed comparison of plans to an actuary. The actuary must, however, follow the specific guidelines set out by PERB and

determined by it to be the minimum standards. PERB has the ultimate decisional authority. *Gregor v. City of Portland,* 126 Or 49, 54, 268 P 743 (1928). PERB, in setting specific guidelines, has erected adequate safeguards against erroneous action. *See Meyer v. Lord,* 37 Or App 59, 586 P2d 367 (1978), *rev den* 286 Or 303 (1979); *see also Warren v. Marion County,* 222 Or 307, 353 P2d 257 (1960). The rule, though somewhat confusingly worded, is valid.

## PORTABILITY OF BENEFITS IN ALTERNATIVE PLAN

■ Petitioner's next contention is that OAR 459-30-025(4) is invalid, because it sets a standard contradictory to ORS 237.101 and therefore exceeds the standard set out in ORS 237.620(4). ORS 237.101 provides:

"No transfer after July 1, 1946, by a member of the system from the service of one employer participating in the system to the service of another such employer shall impair any rights or deprive him of any credits accruing to him as a result of his membership in the system after July 1, 1946, and prior to the transfer."

However, OAR 459-30-025(4) states:

"In considering a local public employer's retirement plan's provisions for vesting of retirement benefits, the Board will not take into account portability of pension credits, tax advantages, ad hoc retiree increases and benefits which currently exist between public employers in the system and do not exist between nonparticipating public employers."

Petitioner argues that this rule permits plans which do not allow portability of benefits to be found by PERB to be equal to or better than PERS. The rule, however, has nothing to do with portability. As such, it concerns vesting of retirement benefits. The rule states that, in evaluating vesting provisions of an alternative plan, portability of pension credits and other specified items will not be taken into account. There is no statutory provision requiring that those matters be considered in comparing vesting provisions with PERS. ORS 237.101 requires only that the transfer by a member of PERS to another employer participating in PERS not impair any rights or credits accruing to the employe as a member of the system after July 1, 1946, and prior to transfer. It makes no such requirement for a

transfer to a job with an employer not participating in PERS. The rule does not contradict the statutes.

## DEFINITION OF SALARY

Petitioner's last argument is that the amended regulations defining salary and the treatment of accumulated sick leave are inconsistent with the statutory provisions.

ORS 237.003(8) defines "salary":

"The term 'salary' means the remuneration paid an employe in cash out of the funds of a public employer in return for services to the employer, plus the monetary value, as determined by the Public Employes' Retirement Board, of whatever living quarters, board, lodging, fuel, laundry and other advantages the employer furnishes the employe in return for services."

ORS 237.153 provides, as to the inclusion of accumulated unused sick leave in the calculation of final average salary:

"(1)(a)  Upon the request by a public employer that its employes be compensated for accumulated unused sick leave with pay in the form of increased retirement benefits upon service or disability retirement, the board shall establish a procedure for adding to the gross amount of salary used in determining final average salary the monetary value of one-half of the accumulated unused sick leave with pay of each retiring employe of the requesting public employer and shall establish benefits of the retiring employe on the basis of a final average salary reflecting that addition.

"* * * * *"

OAR 459-10-040 provides:

"The items following are payments valued for salary and contributions:

"(1)(a)  The term 'salary' means the remuneration paid an employe in cash out of the funds of a public employer in return for services rendered to the employer.

"(b)  Living quarters, board, lodging, fuel, laundry, and other advantages furnished an employe in return for services shall be taken into account and valued for salary and contribution purposes only as determined by the Board and as certified by the employer.

"* * * * *

"(4) In no case shall salary or other advantages include:

"(a) Travel or any other expenses incidental to employer's business which is reimbursed by the employer;

"(b) Payments by an employer on behalf of employe (or employe and dependents) for any insurance, for which the employe has no cash option;

"(c) Payments made on account of an employe's death;

"(d) Any lump sum payment for accumulated unused sick leave;

"(e) Any accelerated payment of an employment contract for a future period or an advance against future wages;

"(f) Any retirement incentive, retirement severance pay, retirement bonus or retirement gratuitous payment."

■ ■ OAR 459-10-040(4) excludes several things from the computation of salary. Petitioner argues that these items fall under the "other advantages" language in ORS 237.003(8) in direct contradiction to the rule. However, the language of that statute lists "living quarters, board, lodging, fuel, laundry and other advantages the employer furnishes the employe in return for services." Those items are consumables and are different from the items excluded from salary under OAR 459-10-040(4). It is clear from the wording of the statute that the legislature meant only to include by the words "other advantages" items which are *ejusdem generis,* that is, of like kind. Those listed in the rule are not. Therefore, the rule and statute are not contradictory.

■ Petitioner points particularly to OAR 459-10-040(4)(d), which excludes lump sum payments for accumulated unused sick leave from salary as being inconsistent with ORS 237.153. Although ORS 237.153 allows one-half of the accumulated unused sick leave with pay to be used in the computation of final average salary to increase an employe's benefits, the PERB rule excludes any lump-sum payment from the total amount of salary for determining benefits. Thus, PERB, it is argued, has changed the statutory provision for the computation of salary for purposes of determining an employe's benefits. However, the statute and the rule are not contradictory. The regulation

excludes only lump-sum payments for unused sick leave. ORS 237.153 refers to the possible election *by an employer* to compensate for unused sick leave *in the form of increased* retirement benefits. No statute specifically provides for an alternative to using unused sick leave for increasing retirement benefits under ORS 237.153. However, it may be that some public employers do make a lump-sum payment to employes for accumulated unused sick leave. But that amount cannot be paid to an employe before retirement and is not included in salary as defined in ORS 237.003(8) (which includes in salary remuneration for services and "other advantages" in return for services). The employe receives nothing until retirement. At that time, an employe may be eligible for a cash payment for accumulated unused sick leave, which is not applied to retirement benefits, *or,* in the alternative, if the employer has so elected, the employe may apply one-half of the accumulated unused sick leave to increase retirement benefits. In neither scheme can the employe get cash for unused sick leave before retirement as part of his or her salary. Therefore, we find that there is no contradiction between either statutory provision and the rule, and the rule, though somewhat confusingly worded, is valid.

Rules held valid.