On petitioner's reconsideration filed May 26, reconsideration allowed; former opinion filed April 27 (62 Or 777, 662 P2d 729) adhered to as supplemented November 9, reconsideration denied December 23, 1983, petition for review denied February 15, 1984 (296 Or 486)

See 296 Or 464, 676 P2d 878 (1984)

OREGON FIRE/POLICE RETIREMENT COMMITTEE,
*Petitioner,*

*v.*

OREGON PUBLIC EMPLOYES' RETIREMENT BOARD et al,
*Respondents.*

(CA A23477)

671 P2d 729

Gary K. Jensen, P.C., Eugene, for petition.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

We grant petitioner's petition for reconsideration in this case for the limited purpose of discussing the validity of OAR 459-30-025(1). We hold the rule valid. The former opinion, in which we determined the validity of three other rules, is adhered to in all other respects.

This state has statutorily established a system of retirement and of benefits at retirement or death for employes of public employers, known as the Public Employes' Retirement System (PERS). ORS 237.005 *et seq.* Respondent, Oregon Public Employes' Retirement Board (PERB), is a statutorily-created agency charged with the responsibility of managing PERS. ORS 237.263.

Under the statutory scheme, all public employers of police officers and fire fighters are required to become participants in PERS. ORS 237.620(1). However, the legislature has provided an exemption for those public employers who independently provide benefits "equal to or better than" those provided by PERS. ORS 237.620(4), in pertinent part, provides:

> "Notwithstanding subsections (1) and (2) of this section, if a public employer provides retirement benefits to its police officers and firemen which are equal to or better than the benefits which would be provided to them under the system, as determined at the expense of the public employer *by the Public Employes' Retirement Board,* the public employer shall not be required to participate in the system with respect to its police officers and firemen. * * *" (Emphasis supplied.)

In this petition for reconsideration, we are called on to determine the validity of OAR 459-30-025(1), a rule promulgated by PERB as a guideline for evaluation of fire fighters' and police officers' retirement benefits to ensure that they are equal to or better than those provided by PERS. The rule provides:

> "A determination as to whether a local public employer provides retirement benefits to its police officers and fire fighters which are equal to or better than the benefits which would be provided to them under the system shall be made as of each date (called 'said date' in this rule), the Board determines that substantial change has occurred in the plan. The Board will consider the aggregate total actuarial present

value of retirement benefits projected to be accrued after said date by the group of police officers and fire fighters employed on said date by the local public employer. The Board will not require that every retirement benefit for each individual employe be equal to or better than the particular benefit he or she would receive under the Public Employes Retirement System. The Board will, however, require that the local public employer's retirement plan or plans provide at least 50% of the actuarial present value of projected retirement benefits in each of the major categories of benefits available under the system, namely: A service retirement; a disability retirement; a death benefit; and vesting."

Petitioner argues that this rule is contradictory to the "equal to or better than" provision of ORS 237.620(4). Petitioner correctly notes that the rule allows the entire retirement program to be found to be equal to or better than PERS, instead of requiring each of the four individual components (service retirement allowance, ORS 237.147(1); disability retirement allowance, ORS 237.171(1); death benefits, ORS 237.165(1); vesting, ORS 237.111(1)) to satisfy the test. The net result is that a plan which is in some part inferior to PERS but which, as a whole is, "equal to or better than" PERS could be found to satisfy the statute.

*Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), held that three different types of terms are in statutes which govern agencies:

"1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

"2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

"3.) Terms of delegation which require legislative policy determination by the agency and judicial review whether that policy is within the delegation." 290 Or at 223.

ORS 237.620(4) clearly falls under the third category listed above, terms of delegation. Therefore, this court is required to review OAR 459-30-025(1) to determine whether the policy of the administrative rule is within the delegated power of the agency.

The fact that ORS 237.620(4) requires benefits to be "equal to or better than" the benefits which would be provided

to them under PERS implies that a system may be sufficient, even though it is not identical in all respects to that provided by PERS. Further, the fact that the statute says "equal to or better than" and not "identical to or better than" implies that a plan may be sufficient if it is equal to or better than as a whole, even though some part of it may provide less benefits than that which would be available under PERS. The statute obviously is designed to give flexibility to local governments to determine that benefits of a certain kind are more important to its employes than those of another kind. It allows a sacrifice in one area of benefits when it is offset by a gain in another area so long as the plan, taken as a whole, is equal to or better than that provided by PERS. We read the rule to mean that if, when judged as a whole rather than piecemeal, the plan provides benefits which are equal to or better than the benefits provided by PERS, PERB would have authority to determine that the plan is satisfactory.

The statute provides that the "equal to or better than" status is to be determined by PERB. Thus, PERB was clearly within its delegated authority in determining that no plan can be equal to or better than PERS unless it provides basic amounts of benefits in each of the four major categories equivalent to 50 percent of that which would be provided under PERS.

Petition for reconsideration allowed; former opinion supplemented to hold OAR 459-30-025(1) valid and adhered to as supplemented.