On petition for review submitted December 7, 1983,* denied February 15, 1984

## OREGON FIRE/POLICE RETIREMENT COMMITTEE,
*Petitioner on Review,*

*v.*

## OREGON PUBLIC EMPLOYES' RETIREMENT BOARD et al,
*Respondents on Review.*

(Agency Nos. OAR 459-30-015; OAR 459-30-025; OAR 459-10-040; SC 30239; CA A23477)

676 P2d 878

Gary K. Jensen, Eugene, submitted petition for Petitioner on Review.

William F. Nessly, Jr., Assistant Attorney General, Salem, submitted brief in the Court of Appeals for Respondent on Review. With him on the brief were Dave Frohnmayer, Attorney General and William F. Gary, Solicitor General.

Linde, J. dissenting.

* Judicial Review of the Validity of Agency Rules of Public Employees' Retirement Board. 62 Or App 777, 662 P2d 729, 65 Or App 465, 671 P2d 729 (1982).

**LINDE, J.,** dissenting.

Oregon law entitles police officers and fire fighters to retirement benefits under the Public Employes' Retirement System unless the public employer provides retirement benefits "which are equal to or better than the benefits which would be provided to them under the system, as determined . . . by the Public Employes' Retirement Board." ORS 237.620(4). Petitioners, the Oregon Fire/Police Retirement Committee, seek review of a decision of the Court of Appeals that sustained the validity of certain rules of the board (PERB) interpreting this statutory requirement.

Petitioner's main challenge is to PERB's formula for determining what constitutes retirement benefits "equal to or better than" those provided under the state's retirement system. PERB's rule, OAR 459-30-025(1), states that this determination will be made by considering "the aggregate total actuarial present value" of the benefits that are claimed to be equal to those of the state retirement system, provided that the local plan provides at least half of the actuarial value for each element of service retirement, disability retirement, death benefit, and vesting. Petitioner also challenges the validity of related rules concerning the determination of actuarial equivalence and certain aspects of salary and vesting determinations.

In sustaining OAR 459-30-925(1), the rule that allows equivalency of benefits to be determined by aggregate actuarial value, the Court of Appeals treated this determination to be one of "policy" delegated to PERB. The court wrote:

"*Springfield Education Assn. v. School Dist.*, 290 Or 217, 621 P2d 547 (1980), held that three different types of terms are in statutes which govern agencies:

" '1.) Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

" '2.) Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

" '3.) Terms of delegation which require legislative policy determination by the agency and judicial review whether that policy is within the delegation.' 290 Or at 223.

ORS 237.620(4) clearly falls under the third category listed above, terms of delegation. Therefore, this court is required to review OAR 459-30-025(1) to determine whether the policy of the administrative rule is within the delegated power of the agency."

65 Or App 465, 468, 671 P2d 729 (1983). Petitioner contends that the statutory formula, requiring benefits "equal to or better than the benefits which would be provided" under the state retirement system, are not "terms of delegation" in the sense intended by this court in *Springfield Education Assn. v. School Dist., supra.*

Without implying a view on the merits, I believe that the wider question illustrated by this disagreement deserves review. A comparison between the second and third types of statutory terms identified in *Springfield Education Assn.* shows that the line between them is not always evident. Yet the underlying premise indicated in Justice Tanzer's opinion in that case is that a legislature may delegate different kinds of tasks to an agency—sometimes the assignment to discern and carry out a fixed policy that the legislature has expressed in broad or inexact terms, and sometimes the discretion to select among alternative paths and changing priorities in pursuit of a broadly stated legislative goal, with freedom to reconsider the chosen ways and means from time to time. To describe as "terms of delegation" only the third statutory type may lead to misunderstanding, because delegation to the agency is involved in all three types, but as used in *Springfield Education* the phrase meant delegation of policy discretion of the kind I have described.

The Court of Appeals may or may not have been right in its reading of ORS 237.620(4) as delegating discretion of the third type. Arguably the legislature meant that local alternatives to the state retirement plan must at least match that plan in every category of benefits rather than leaving that policy judgment to PERB. The question is complicated by the statutory phrase "as determined . . . by the Public Employees' Retirement Board," which can be read as delegating to PERB authority either to determine the criteria or to determine only the fact of equivalency between retirement plans. *Compare Addison v. Holly Hill Co.,* 322 US 607, 64 S Ct 1215, 88 L Ed 1488 (1944). Also, there are other passages in the opinion of the Court of Appeals that seem to read the disputed words as

being of the second type rather than the third and to give them the court's own interpretation. In any event, there seems to be reason to believe that further clarification of the scope of review in cases of this kind might be useful. I therefore dissent from the denial of review in this case.