Argued and submitted April 22, affirmed July 3, reconsideration denied August 23, petition for review allowed September 17, 1985 (300 Or 64)
See later issue Oregon Reports

The SALEM FIREFIGHTERS LOCAL
314 et al,
*Petitioners,*

*v.*

PUBLIC EMPLOYES RETIREMENT
BOARD et al,
*Respondents.*

(CA A30197)

702 P2d 439

Gregory A. Hartman, Portland, argued the cause for petitioners. With him on the brief were Glenn E. Smith, Cheyenne, Wyoming, and Willner, Bennett, Hartman, & Tauman, P.C., Portland.

William F. Nessly, Jr., Assistant Attorney General, Salem, argued the cause for respondent Public Employes Retirement Board. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

William J. Juza, City Attorney, Salem, waived appearance for respondent City of Salem.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioners seek review of the Public Employes Retirement Board's order determining that the retirement benefits provided by the City of Salem for police officers and fire fighters are equal to or better than the benefits under the Public Employes Retirement System (PERS) and that the city is therefore exempt from participating in PERS with respect to those employes. ORS 237.620(4).[1] Petitioners' principal contentions turn on the proposition that the board's rule, codified as OAR 459-30-025, does not allow the comprehensive comparison of the city's and PERS's benefits that ORS 237.620(4) requires and that the rule is therefore inconsistent with the statute and invalid.

ORS 237.620(4) provides as relevant:

"Notwithstanding subsections (1) and (2) of this section, if a public employer provides retirement benefits to its police officers and firemen which are equal to or better than the benefits which would be provided to them under the system, as determined at the expense of the public employer by the Public Employes' Retirement Board, the public employer shall not be required to participate in the system with respect to its police officers and firemen. * * *"

OAR 459-30-025 provides, in relevant part:

"(1) A determination as to whether a local public employer provides retirement benefits to its police officers and fire fighters which are equal to or better than the benefits which would be provided to them under the system shall be made as of each date (called 'said date' in this rule), the Board determines that substantial change has occurred in the plan. The Board will consider the aggregate total actuarial present value of retirement benefits projected to be accrued after said date by the group of police officers and fire fighters employed on said date by the local public employer. The Board will not require that every retirement benefit for each individual employe be equal to or better than the particular benefit he or she would receive under the Public Employes Retirement System. The Board will, however, require that the local public employer's retirement plan or plans provide at least 50% of the actuarial present value of projected retirement benefits in

---

[1] The precise issue in this proceeding is whether the city's benefits *continue* to be equal to or better than the PERS benefits in the light of 1981 amendments to ORS chapter 237.

each of the major categories of benefits available under the system, namely: A service retirement; a disability retirement; a death benefit; and vesting.

"* * * * *

"(3)  The Board's review of local public employer retirement plans will not consider the cost of the benefits to be provided or the proportion of the cost being paid by the public employer and/or the participating police officers and fire fighters. The Board will consider whether the benefits to be provided by the employer are funded, but the Board will not evaluate the adequacy of funding and will assume that all employer-paid benefits will be funded. Neither will the Board review whether the benefits are to be provided by a trust plan or insurance, or a combination of plans and insurance.

"(4)  In considering a local public employer's retirement plan's provisions for vesting of retirement benefits, the Board will not take into account portability of pension credits, tax advantages, ad hoc retiree increases and benefits which currently exist between public employers in the system and does *[sic]* not exist between nonparticipating public employers.

"* * * * *"

In *Oreg. Fire/Police Retire. v. PERB,* 62 Or App 777, 662 P2d 729, *supplemented* 65 Or App 465, 671 P2d 729 (1983), *rev den* 296 Or 486 (1984), the validity of that rule was challenged on different grounds from those raised here. We stated in our opinion on reconsideration:

"*Springfield Education Assn. v. School Dist.,* 290 Or 217, 621 P2d 547 (1980), held that three different types of terms are in statutes which govern agencies:

" '1.)  Terms of precise meaning, whether of common or technical parlance, requiring only factfinding by the agency and judicial review for substantial evidence;

" '2.)  Inexact terms which require agency interpretation and judicial review for consistency with legislative policy; and

" '3.)  Terms of delegation which require legislative policy determination by the agency and judicial review whether that policy is within the delegation.' 290 Or at 223.

"ORS 237.620(4) clearly falls under the third category listed above, terms of delegation. Therefore, this court is required to review OAR 459-30-025(1) to determine whether the policy of

the administrative rule is within the delegated power of the agency.

"The fact that ORS 237.620(4) requires benefits to be 'equal to or better than' the benefits which would be provided to them under PERS implies that a system may be sufficient, even though it is not identical in all respects to that provided by PERS. Further, the fact that the statute says 'equal to or better than' and not 'identical to or better than' implies that a plan may be sufficient if it is equal to or better than as a whole, even though some part of it may provide less benefits than that which would be available under PERS. The statute obviously is designed to give flexibility to local governments to determine that benefits of a certain kind are more important to its employes than those of another kind. It allows a sacrifice in one area of benefits when it is offset by a gain in another area so long as the plan, taken as a whole, is equal to or better than that provided by PERS. We read the rule to mean that if, when judged as a whole rather than piecemeal, the plan provides benefits which are equal to or better than the benefits provided by PERS, PERB would have authority to determine that the plan is satisfactory.

"The statute provides that the 'equal to or better than' status is to be determined by PERB. Thus, PERB was clearly within its delegated authority in determining that no plan can be equal to or better than PERS unless it provides basic amounts of benefits in each of the four major categories equivalent to 50 percent of that which would be provided under PERS." 65 Or App at 468-69.

Judge Linde dissented from the Supreme Court's denial of review of our decision. 296 Or 464, 467, 676 P2d 878 (1984). He stated, in part:

"* * * Petitioner contends that the statutory formula, requiring benefits 'equal to or better than the benefits which would be provided' under the state retirement system, are not 'terms of delegation' in the sense intended by this court in *Springfield Education Assn. v. School Dist.,* [290 Or 217, 621 P2d 547 (1980)].

"Without implying a view on the merits, I believe that the wider question illustrated by this disagreement deserves review. A comparison between the second and third types of statutory terms identified in *Springfield Education Assn.* shows that the line between them is not always evident. Yet the underlying premise indicated in Justice Tanzer's opinion in that case is that a legislature may delegate different kinds of

tasks to an agency—sometimes the assignment to discern and carry out a fixed policy that the legislature has expressed in broad or inexact terms, and sometimes the discretion to select among alternative paths and changing priorities in pursuit of a broadly stated legislative goal, with freedom to reconsider the chosen ways and means from time to time. To describe as 'terms of delegation' only the third statutory type may lead to misunderstanding, because delegation to the agency is involved in all three types, but as used in *Springfield Education* the phrase meant delegation of policy discretion of the kind I have described.

"The Court of Appeals may or may not have been right in its reading of ORS 237.620(4) as delegating discretion of the third type. Arguably the legislature meant that local alternatives to the state retirement plan must at least match that plan in every category of benefits rather than leaving that policy judgment to PERB. The question is complicated by the statutory phrase 'as determined . . . by the Public Employes' Retirement Board,' which can be read as delegating to PERB authority either to determine the criteria or to determine only the fact of equivalency between retirement plans. * * *"

■ With that background, we turn to petitioners' specific assignments. They contend first that OAR 459-30-025(3) is facially inconsistent with the language of ORS 237.620(4), because the rule precludes consideration of the comparative rates of employe contributions under PERS and local plans, while the statute requires the board to perform the "equal to or better than" analysis only "if a *public employer provides* retirement benefits." (Emphasis supplied.) Petitioners read the emphasized language as being synonymous with the phrase "provided by the contributions of employers" in ORS 237.147, the service retirement allowance provision of the PERS statute, and with similar phrases in other sections of ORS chapter 237. Petitioners therefore understand ORS 237.620(4) as contemplating a comparison only of benefits that are employer-funded. We disagree with that understanding. Unlike the sections to which petitioners analogize it, ORS 237.620(4) makes no reference to contributions by employers or employes. It requires a comparison of retirement benefits under PERS and local plans, not a comparison of the sources of funding for the benefits. In the context of the statute, we understand the words "provides retirement benefits" to mean "has a retirement system" rather than "contributes the funds

for retirement benefits."[2] We do not agree that OAR 459-30-025(3) is contrary to the *language* of ORS 237.620(4).

Petitioners' more persuasive point is that it is anomalous at best and, at worst, it skews the actuarial equation to compare retirement benefits under two systems without any consideration of their different employe contribution rates. Petitioners state, for example:

"* * * [B]ecause police officers and firefighters under the Salem plan pay seven percent of their salaries into their retirement plan rather than the six percent paid by their counterparts under PERS, termination of employment results in larger projected refunds of employee contributions. Thus, not only does an equal to or better than study not reflect the fact that the Salem police officers and firefighters pay for more of their own retirement benefits, but it shows that the City of Salem provides more benefits in relation to what would be paid if Salem participated in PERS solely because a higher employee contribution rate necessarily results in larger refunds upon termination of employment."

■ However, the inquiry to which we are confined by our decision in *Oreg. Fire/Police Retire. v. PERB, supra,* is whether the rule is a "legislative policy determination by the agency * * * that * * * is within the [statutory] delegation." *Springfield Education Assn. v. School Dist.,* 290 Or 217, 223, 621 P2d 547 (1980). OAR 459-30-025(3) survives that inquiry. Petitioners argue that the term "if the employer provides retirement benefits" is a precise or an inexact term under *Springfield,* rather than a delegative term. We crossed that bridge in *Oreg. Fire/Police Retire. v. PERB, supra,* where we concluded that ORS 237.620(4) is delegative. We reject petitioners' first assignment.

■ We also disagree with petitioners' argument that OAR 459-30-025(1) and (4) are inconsistent with the statute because the rule singles out four kinds of benefits for comparison and thereby requires that many other benefits provided under ORS chapter 237 be disregarded. Even assuming

---

[2] We note that ORS 237.147 provides that the service retirement allowance under PERS is to consist of both an annuity funded by employe contributions and a pension derived from contributions by employers.

ORS 237.075, enacted by Oregon Laws 1979, chapter 538, section 3, authorizes employers to "pick-up" required employe contributions to PERS. That provision was not in effect when ORS 237.620(4) was enacted and is not germane to the issue here.

that all of the benefits petitioners argue should be and cannot be compared because of the rule are "retirement benefits" within the meaning of ORS 237.620(4), petitioners' argument is implicitly and adversely answered by *Oreg. Fire/Police Retire. v. PERB, supra,* 62 Or App at 781-82, 65 Or App at 468-69.

Petitioners make three further assignments, which we also reject.

Affirmed.