Argued and submitted January 4, affirmed on petition and cross-petition
September 14, reconsideration denied November 10, petition for review denied
December 20, 1988 (307 Or 245)

# SPRINGFIELD FIREFIGHTERS'
# ASSOCIATION,
*Petitioner-Cross-Respondent,*

*v.*

# PUBLIC EMPLOYES' RETIREMENT BOARD,
*Respondent-Cross-Respondent,*

*and*

# CITY OF SPRINGFIELD,
*Respondent-Cross-Petitioner.*

(CA A42923)

760 P2d 1372

Gregory A. Hartman, Portland, argued the cause for petitioner-cross-respondent Springfield Fire Fighters' Association. With him on the brief were Kathryn T. Whalen, Bennett, Hartman, Tauman & Reynolds, P.C., Portland.

Philip Schradle, Assistant Attorney General, Salem, argued the cause for respondent-cross-respondent Public Employes' Retirement Board. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

William F. Hoelscher, Portland, argued the cause for respondent-cross-petitioner City of Springfield. With him on the brief were Hoelscher & Associates, Portland.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

ROSSMAN, J.

## ROSSMAN, J.

Petitioner seeks review of an order of the Public Employes Retirement Board (PERB) determining that retirement benefits provided by the City of Springfield are equal to or better than benefits under the Public Employes Retirement System (PERS) and, therefore, that the city is exempt from the ORS 237.620 requirement that it obtain PERS coverage for those employes. Petitioner contends that PERB exceeded its statutory authority in adopting and applying OAR 459-30-025 in its resolution of the "equal to or better than" test. The city cross petitions, contending that PERB erred in ignoring the difference in employe contributions "picked up" by the employers under the city's plan and under PERB. We affirm on both the petition and cross petition.

ORS 237.620(4) provides, in part:

"Notwithstanding subsections (1) and (2) of this section, if a public employer provides retirement benefits to its police officers and firemen *which are equal to or better than* the benefits which would be provided to them under the system, as determined at the expense of the public employer by the Public Employes' Retirement Board, the public employer shall not be required to participate in the system with respect to its police officers and firemen." (Emphasis supplied.)

In *Oreg. Fire/Police Retire. v. PERB,* 62 Or App 777, 662 P2d 729, *adhered to* 65 Or App 465, 468, 671 P2d 729 (1983), *rev den* 296 Or 486 (1984), we held that the "equal to or better than" clause in ORS 237.620(4) is a term of delegation. *See also Salem Fire Fighters Local 314 v. PERB,* 74 Or App 201, 207, 702 P2d 439, *rev'd on other grounds* 300 Or 663, 717 P2d 126 (1986).[1] Accordingly, we review to determine whether OAR 459-30-025 is a legislative policy determination that is within the statutory delegation to the agency. *Springfield Education Assn. v. School Dist.,* 290 Or 217, 223, 621 P2d 547 (1980).

Petitioner first assigns as error PERB's use of a 9% rate of return to evaluate the city's plan. All the parties agree

---

[1] Petitioner suggests that, under the Supreme Court's decision in *Salem Fire Fighters,* the term "equal to or better than" is an "inexact term." We disagree. In describing the term, the court referred to the "qualitative judgment by PERB" and stated that "the statute states that benefits are to be 'equal to or better than' those provided by PERS *as determined by PERB.*" 300 Or at 670. (Emphasis in original.)

that, under PERS mandated actuarial assumptions, OAR 459-30-025, the assumed rate of return on investment of retirement plan assets is 7 1/2%. However, in evaluating the city's plan, PERB's actuary assumed the higher rate on the basis of his understanding that the city's plan guaranteed that rate. Petitioner attacked that assumption and, while the case was pending before PERB, the Springfield Council adopted Resolution No. 85-30, which formally incorporated that rate into the city's plan. Accordingly, PERB held that the use of the 9% rate was appropriate.

■ Petitioner appears to contend that the 9% rate was erroneous for two reasons. First, it argues that the city is not bound by that figure. That is without merit. The rate has become a formal part of the city's plan, and it was not error for PERB to rely on that figure in reaching its conclusion. Second, petitioner contends that the PERB actuary erred in using the projected 9% rate of return to predict future benefits and using a 7 1/2% rate to discount that total to its present value. The evidence is in conflict. Petitioner's actuary testified that the use of those figures generated a "false value" and was, therefore, inappropriate. On the other hand, PERB's actuary testified that the use of the figures was appropriate. Each expert relied on essentially the same data and explained his conclusion in a manner that a reasonable mind could accept. We hold that there is substantial evidence in the whole record to support PERB's determination.

■ Petitioner also challenges the inclusion of certain life and disability insurance policies, which, like the 9% earning rate, the PERB actuary included in his assessment of the city's plan but which were formally adopted as part of the plan by the Council while review of the matter was pending before PERB. Because the policies were incorporated into the city's plan, we hold that including the insurance policies in the comparison of the plans was not error.

■ Petitioner next contends that OAR 459-30-025(1) is invalid. It provides, in part:

"The Board will consider the aggregate total actuarial present value of retirement benefits projected to be accrued after said date by the group of police officers and fire fighters employed on said date by the local public employer. The board

will not require that every retirement benefit for every individual employe be equal to or better than the particular benefit he or she would receive under the Public Employes Retirement System. The Board will, however, require that the local public employer's retirement plan or plans provide at least 50% of the actuarial present value of projected retirement benefits in each of the major categories of benefits available under the system, namely: a service retirement; a disability retirement; a death benefit; and vesting."

Petitioner attacks both the "forward looking" aspect of the rule, which requires actuarial evaluation only of benefits projected to be accrued *after* the evaluation date, rather than a full actuarial evaluation of the benefits to be earned by each employe from the date of employment or the effective date of the plan, and its focus on only four categories of benefits. It contends that, because of the rule, significant PERS benefits were excluded in comparing the two plans.

We addressed the rule's focus on the four categories of benefits to the exclusion of others in *Salem Firefighters Local 314 v. PERB, supra,* where we held:

"We also disagree with petitioners' argument that OAR 459-30-025(1) and (4) are inconsistent with the statute because the rule singles out four kinds of benefits for comparison and thereby requires that many other benefits provided under ORS chapter 237 be disregarded. Even assuming that all of the benefits petitioners argue should be and cannot be compared because of the rule are 'retirement benefits' within the meaning of ORS 237.620(4), petitioners' argument is implicitly and adversely answered by *Oreg. Fire/Police Retire. v. PERB, supra,* 62 Or App at 781-82, 65 Or App at 468-69." 74 Or App at 207-8.

The Supreme Court did not reach that holding in its review. 300 Or at 670-1. We conclude that our reasoning and holding on that issue were and are correct.

■ Petitioner next argues that the effect of the forward looking aspect of the rule is to exclude, as to each plan: (1) portability of pension credits, ORS 237.115; (2) benefits payable in the future which are produced by past service, ORS 237.620(3) and ORS 237.081(4); (3) to some extent, benefit increases implemented between formal valuations; (4) benefits payable to employes who enter employment after the last valuation and leave before the next valuation; (5) benefits

never evaluated by previous forward looking studies; and (6) higher benefits resulting under PERS when salaries increase at a higher rate relative to inflation than to the rate of return. PERB found that, if a "full valuation" had been performed on the city's plan, instead of a "forward looking" valuation, the present value of future PERS benefits would increase "on a very conservative basis, by approximately $600,000" relative to the city's plan. Therefore, petitioners contend, the rule is inconsistent with the ORS 237.620(4) requirement that local plans be "equal to or better than" the PERS plan.[2]

■■    PERB rejected the argument as to portability of pension credits, because they "cannot be actuarily valued with any reasonable degree of accuracy." That conclusion is supported by substantial evidence in the whole record. As to the remaining benefits excluded from comparison, PERB relied on *Salem Firefighters Local 314 v. PERB, supra,* in concluding that it need not consider them. That case did not directly address the "forward looking" aspect of the rule. However, the reasoning in that case and in *Oreg. Fire/Police Ret. Committee v. PERB, supra,* 62 Or App at 781-2, 65 Or App at 468-9, is applicable here. PERB acted within the discretion granted by the statute in choosing the window through which to evaluate and compare the two plans. ORS 237.620(4) "places responsibility for determining the relevant retirement benefits provided by public employers to [sic] PERB * * *." *Salem Firefighters Local 314 v. PERB, supra,* 300 Or at 671.

■■    Petitioners also attack the validity of OAR 459-30-025(1) on the ground that, by requiring that a local plan provide only 50% of PERS benefits under each of four major categories of benefits, it allows the city's plan to pass muster by weighting the withdrawal benefits at the expense of the others. They contend that the city's plan is in effect more of a savings plan than a retirement plan. The results of the PERB valuation of the plans are:

|                     | PERS        | CITY        |
|---------------------|-------------|-------------|
| Retirement Benefits | $3,447,756  | $3,058,829  |
| Death Benefits      | 516,216     | 377,241     |

---

[2] Petitioner also argues that the forward looking portion of the rule is inconsistent with another clause in the same rule which provides that the board will consider the "aggregate total actuarial present value of retirement benefits." OAR 459-30-025(1). The argument is without merit.

| Disability Benefits | 743,052 | 1,008,754 |
| Withdrawal Benefits | 575,578 | 1,324,993 |
| | $5,282,602 | $5,769,817 |

As the Supreme Court stated in *Salem Firefighters Local 314 v. PERB, supra:*

> "[w]henever an alternative plan does not match or exceed PERS benefits in every detail, the difference may prove better for some and not for other individual employes, the more so if one or both plans give employes a choice between fixed or variable retirement annuity programs.

> "We therefore do not agree with petitioner's contention that 'equal to or better than' are exact, in fact mathematically certain, terms that leave no room for interpretation but only for factfinding. This presupposes a common measure of different benefits. Petitioners find such a measure in reducing different benefits to their 'aggregate total actuarial present value,' which PERB has adopted in OAR 459-30-025(1) and which they assert PERB has failed to follow by comparing only four categories of benefits.

> "We do not believe that the legislature meant PERB's determination of 'equal or better' benefits to follow one mathematically exact actuarial formula and to exclude any qualitative judgment by PERB. The statute could have stated such an actuarial formula, or it could have required 'identical or greater' benefits, which would have made any agency judgment largely superfluous. But the statute states that benefits are to be 'equal or better than' those provided by PERS *as determined by PERB.*" 300 Or at 670. (Emphasis in original.)

We conclude that it is within PERB's statutorily delegated power to determine what proportions of different types of benefits to use in its comparison of plans.[3]

■     We turn to the city's cross-petition. It contends that PERB erred in ignoring the fact that the city's plan includes a "pick up" of the entire 7% employe contribution, while PERS member employers pick up only 6% of the employe contribution. However, "[t]he advantageousness of the plans is to be compared from the standpoint of the persons 'benefitted,' the

---

[3] Petitioner also contends that PERB erred in adopting the hearings officer's findings of facts, which petitioner contends were in every instance favorable to them, but rejecting the conclusions of law of the hearings officer. They argue that that by itself demonstrates that there is no rational connection between the findings of fact and the conclusions of law of the Board. The argument is without merit.

employes." *Salem Firefighters Local 314 v. PERB, supra,* 300 Or at 669. PERB was correct in looking at the extent of the benefits to the employe and not at the cost of the plans to the employer.

Affirmed on petition and on cross-petition.