Argued and submitted October 26, 1990, affirmed November 13, 1991

## KILHAM STATIONERY
## AND PRINTING,
*Petitioner,*

*v.*

## NATIONAL COUNCIL ON
## COMPENSATION INSURANCE,
Oregon Council on Compensation Insurance,
SAFECO Insurance Company and
Department of Insurance and Finance,
*Respondents.*

(88-09-20; CA A61120)

820 P2d 842

Paul G. Dodds, Portland, argued the cause for petitioner. With him on the briefs was Brownstein, Rask, Sweeney, Kerr, Grim & DeSylvia, Portland.

Jacqueline Weber, Lake Oswego, argued the cause and filed the brief for respondent SAFECO Insurance Company.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent Department of Insurance and Finance. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Peter A. Ozanne, Portland, waived appearance for respondents National Council on Compensation Insurance and Oregon Council on Compensation Insurance.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

**BUTTLER, P. J.**

Petitioner is an Oregon corporation engaged in the business of supplying stationery and delivering documents. From January 1, 1986, through January 1, 1988, it obtained worker's compensation coverage from SAFECO. SAFECO reclassified some of petitioner's employees for 1986 and 1987, resulting in a retroactive assessment of premiums on May 21, 1987, and on July 7, 1988.

In 1987, the legislature enacted ORS 737.318, which established a premium audit program for workers' compensation insurance. It provides, in pertinent part:

"(1)   A workers' compensation insurer shall maintain a premium audit program to aid in achieving equitable premium charges to Oregon employers and for the collection of credible state-wide data for ratemaking.

"(2)   The director shall prescribe by rule a premium audit program system for workers' compensation insurance.

"(3)   The premium audit system shall include provisions for:

"* * * * *

"(d)   *An appeal process pursuant to ORS 737.505 for employers to question the results of a premium audit;* * * *

"(e)   * * * * *

"(4)   *Notwithstanding ORS 737.505, the provisions of this section apply to all premium audit disputes between employers and insurers in existence on July 20, 1987, regardless of the policy year involved or the date of the final audit billing.*" (Emphasis supplied.)

The first of the billings in this case was sent to and received by petitioner before the effective date of ORS 737.318, and there is a dispute whether it is subject to the statute's provisions. It is agreed that the second billing, sent after the effective date of the statute, is subject to it.

In 1987, the legislature also amended ORS 737.505 by adding subsections (4) and (5), which provide procedures for appeal of a final premium audit billing. As amended, ORS 737.505 provides:

"(1)   Every rating organization and every insurer which makes its own rates, within a reasonable time after receiving

written request therefor and upon payment of such reasonable charge as it may make, shall furnish to any insured affected by a rate made by it, or to the authorized representative of such insured, all pertinent information as to such rate.

"(2)   Every rating organization and every insurer which makes its own rates shall provide within this state reasonable means whereby any person aggrieved by the application of its rating system may be heard, in person or by the authorized representative, on written request by the person or authorized representative, to review the manner in which such rating system has been applied in connection with the insurance afforded the person. If the rating organization or insurer fails to grant or reject such request within 30 days after it is made, the applicant may proceed in the same manner as if the application had been rejected.

"(3)   Any party affected by the action of such rating organization or such insurer on such request, within 30 days after written notice of such action, may appeal to the director, who, after a hearing held at a place designated by the director upon not less than 10 days' written notice to the appellant and to such rating organization or insurer, shall affirm or reverse such action.

"(4)   *Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be made within 60 days after receipt of the billing.*

"(5)   The director may, upon a showing of good cause, stay any workers' compensation insurer's collection effort on a final premium audit billing during the pendency of an appeal authorized by subsection (4) of this section." (Emphasis supplied.)

Subsection (4) became effective after the first billing in this case but before the second.

Petitioner appealed both billings to the Director of the Department of Insurance and Finance (DIF) on September 13, 1988, more than one year after the May, 1987, billing, and more than 60 days after the July, 1988, billing. SAFECO moved to dismiss the appeal as untimely. On May 22, 1989, DIF issued an order dismissing the appeal, and petitioner submitted exceptions. DIF responded by letter, stating that the May 22, 1989, order was final and was subject to review by the Court of Appeals. Petitioner filed its petition for judicial review in this court on June 20, 1989. It contended, *inter alia,*

that DIF had failed to follow the procedures set forth in ORS 183.460, which provides:

> "Whenever in a contested case a majority of the officials of the agency who are to render the final order have not heard the case or considered the record, the order, if adverse to a party other than the agency itself, shall not be made until a proposed order, including findings of fact and conclusions of law, has been served upon the parties and an opportunity has been afforded to each party adversely affected to file exceptions and present argument to the officials who are to render the decision."

On October 26, 1989, DIF withdrew its May 22, 1989, order for reconsideration. On October 30, 1989, we suspended our review pending issuance of a new order by DIF. On January 3, 1990, DIF issued a proposed order, to which petitioner and SAFECO filed responses. In February, 1990, DIF issued an amended final order dismissing the appeal as untimely, without taking evidence.

■ Petitioner filed an amended petition for judicial review and a supplemental brief. It now contends that it is entitled to recover its costs incurred in bringing the initial petition for judicial review, pursuant to ORS 183.482(6), which provides:

> "If an agency withdraws an order for purposes of reconsideration and modifies or reverses the order in favor of the petitioner, the court shall allow the petitioner costs, but not attorney fees, to be paid from funds available to the agency."

Petitioner argues that DIF's decision to withdraw its order was made in response to petitioner's contention on review that it had not complied with ORS 183.460 and that, by withdrawing its original order and allowing petitioner to submit exceptions, DIF acted favorably to petitioner, entitling it to costs. However, it is not the *withdrawal* of the agency's order that triggers the right to costs under ORS 183.482(6), but the modification or reversal of that order in the petitioner's favor. DIF's final order after reconsideration adhered to its original proposed order, which was not favorable to petitioner. Petitioner is not entitled to its costs.

■ The first issue on the merits is whether the provisions of ORS 737.318 and ORS 737.505(4) are applicable to the May, 1987, billing. Petitioner contends that, before the

1987 amendment of ORS 737.505 added subsection (4), there was no time limit on an employer's right to appeal a retroactive assessment and that that statute should not be applied "retroactively" to cut off petitioner's right to appeal the May, 1987, billing. SAFECO contends that, before the 1987 amendment to ORS 737.505 and the enactment of ORS 737.318, there was *no* right to appeal the results of a premium audit and that, unless the provisions of those two statutes apply, petitioner has no right to appeal the May, 1987, billing.

ORS 737.318 states that its provisions, which incorporate by reference the provisions for appeal contained in ORS 737.505, apply to all premium audit disputes in existence on July 20, 1987, regardless of the date of the final audit billing. The legislature has, accordingly, expressed its intention that, even if the final audit billing occurred before the effective date of the statute, the procedures of ORS 737.318 apply, if the dispute was in existence on July 20, 1987. Although, on July 20, 1987, petitioner had not yet appealed the May, 1987, billing, we conclude that the retroactive billing itself initiated the dispute and that the dispute was in existence on July 20, 1987. Accordingly, the provisions of ORS 737.318 and ORS 737.505(4) are applicable to the May, 1987, billing.[1]

■ Petitioner also contends that DIF erred in dismissing its appeal with regard to the July, 1988, billing, because the record does not reflect whether SAFECO gave it notice of its right to appeal, as required by OAR 836-43-110(2), which became effective January 20, 1988. It provides:

"An insurer, when adjusting a premium for an employer based on a premium audit, shall notify the employer of the right to appeal to the Director, as allowed by ORS 737.505, within 60 days of receiving the results of the audit."[2]

Petitioner urges that, read together, ORS 737.505(4) and OAR 836-43-110(a) provide an employer 60 days from the date of receipt of the billing *and the notice of its right to appeal*

---

[1] We express no opinion as to what petitioner's appeal rights, if any, might have been before the 1987 changes.

[2] The rule was not in effect when petitioner received its first billing, so the rule could not have applied to it. On July 27, 1988, after petitioner received its second billing, the rule was amended to require that the notice be included in the billing.

within which to file the appeal, *i.e.,* that the time within which it must appeal does not start to run until the employer has received notice of its right to do so.

DIF is not free to amend or extend the terms of the statute. *U. of O. Co-Oper. v. Dept. of Rev.,* 273 Or 539, 542 P2d 900 (1975); *Oreg. Fire/Police Retire. v. PERB,* 62 Or App 777, 662 P2d 729, *mod* 65 Or App 465, 671 P2d 729 (1983), *rev den* 296 Or 464, 296 Or 486 (1984). The language of ORS 737.505(4) unambiguously states that the 60-day appeal period runs from the date that the insured receives the billing. Whatever the consequence of an insurer's failure to comply with the notice provision of OAR 836-43-110(2),[3] the rule cannot contradict the statute or create a different time limit for appeal. DIF correctly dismissed the appeal as untimely.

Affirmed.

---

[3] The Director may order compliance with the rules, and a failure to comply may be a ground for sanctions under ORS 737.545. Additionally, an insurer is subject to civil penalties under ORS 731.988 for violations of the standards of the premium audit system. ORS 737.318.