Argued and submitted January 27, affirmed September 9, 1992

In the Matter of the Petition of
MARCOTT TIMBER & TRUCKING, INC.,
*Petitioner,*

*v.*

The filings of the
NATIONAL COUNCIL ON
COMPENSATION INSURANCE,
*Respondent below,*

*and*

LIBERTY NORTHWEST
INSURANCE CORPORATION
and Department of Insurance
and Finance,
*Respondents.*

(88-11-004; CA A69141)

837 P2d 543

Daniel W. Goff, Eugene, argued the cause for petitioner. With him on the brief was Daniel W. Goff, P.C., Eugene.

Thomas H. Johnson, Portland, argued the cause and filed the brief for respondent Liberty Northwest Insurance Corporation.

David L. Runner, Assistant Attorney General, Salem, waived appearance for respondent Department of Insurance and Finance.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of an order of the Department of Insurance and Finance (DIF) dismissing its appeal of a workers' compensation premium audit for lack of jurisdiction. We affirm.

In January, 1988, Liberty Northwest Insurance Corporation (Liberty), employer's insurer, performed an audit of employer's workers' compensation premiums for the fiscal year October 1, 1986, to September 30, 1987. It determined that employer had failed to report "bonus pay" as part of its subject payroll for the period and, because of that, it assessed employer an additional $25,000 in premiums. On February 25, 1988, Liberty mailed employer a copy of the resulting billing entitled "Audit Invoice." The billing requested payment of $25,000 by March 16, 1988. Employer disputed the additional assessment and attempted to convince Liberty that it was in error. Liberty and employer continued to discuss the matter, and employer provided Liberty with additional documentation. Liberty was not persuaded that the audit was in error and, on September 15, 1988, it sent a letter to employer stating that the "bonus pay" was part of the subject payroll and, if employer wished to appeal the audit, it had 60 days to do so from the date of the letter. Employer appealed to DIF on November 8, 1988.

On October 31, 1990, a hearing was held to determine whether DIF had jurisdiction to hear the appeal. DIF issued an order on January 31, 1991, dismissing the appeal for lack of jurisdiction. In the order, it found that employer had received its final premium audit billing on approximately February 25, 1988, but did not appeal until November 8, 1988.

ORS 737.505(4) provides:

> "Appeals to the director pursuant to ORS 737.318 with regard to a final premium audit billing must be made *within 60 days after receipt of the billing*." (Emphasis supplied.)

Employer argues that its appeal was filed within the required 60 days, because it did not have a "final premium audit billing" until it received the September, 1988, letter.[1]

---

[1] Although it is not applicable to this case, OAR 836-43-170(7), effective June 1, 1990, establishes what is to be considered the "final premium audit billing:"

However, ORS 737.505(4) provides that the appeal time runs from "receipt of the billing." Employer received the billing in February. The fact that it engaged in continuing discussions with Liberty about the audit does not change that fact.

Petitioner also argues that the February billing was not a final premium audit billing, because it did not include language advising employer of its appeal rights as required by OAR 836-43-110(2). However, in *Kilham Stationery v. National Council on Comp. Ins.*, 109 Or App 545, 551, 820 P2d 842 (1991), we held that an insurer's failure to provide the required notice of appeal rights does not extend the 60-day time limit for filing an appeal.

■ Because the 60-day time limit is jurisdictional, *Pease v. National Council on Comp. Ins.*, 113 Or App 26, 830 P2d 605 (1992), DIF properly dismissed employer's appeal.

Affirmed.

---

"Subject to the exception provided in section (8) of this rule, for purposes of ORS 737.505, OAR 836-43-110 and this rule, the final premium audit billing of an employer is the first document issued by the insurer to the employer after its audit of the employer that:

"(a) Contains the results of the audit; and

"(b) States the amount of the difference between the estimated standard premium reported by the employer for the entire policy period and the final standard premium calculated after the policy period is over as determined pursuant to the audit."

OAR 836-43-170(8) provides:

"If the insurer after an audit of an employer issues both a statement of the employer's account and a letter to the employer that explains the audit and states the amount of the difference:

"(a) The insurer may provide the notice required in OAR 836-43-110 either in the statement of account or in the letter.

"(b) Whichever document contains the required notice is the final premium audit billing for purposes of the 60-day period within which the Director must receive the request for a hearing. If the statement of account and the letter both contain the notice, the 60 day period begins upon receipt by the employer of the later-received document."