JOHN MCLAUGHLIN, Plaintiff in Error, v. JOHN HOOVER, Defendant in Error.

*Reserved from Washington.*

1. A second law does not repeal a former one, without a repealing clause, or negative words, unless so clearly repugnant as to imply a negative.
2. A body of acts *in pari materia* ought to be taken as one act, so far as they do not conflict with each other.

ASSUMPSIT on a promissory note for five hundred and sixty dollars, made on the second day of October, 1845, and payable one year from date. Plea—Statute of Limitations. Demurrer by plaintiff.

WILLIAMS, C. J. On the 　 day of 　 , 1845, the first statute of limitations was enacted in this territory. On the 29th day of September, 1849, the act of 1845 was repealed, and a new statute of limitations adopted. On the 6th of January, 1853, another "Act concerning the limitation of personal actions" was put in force without any repealing clause. Each of these acts provides a bar for an action of assumpsit, if not commenced within six years after the cause of action shall have accrued. When the statute of 1845 was repealed, it had run three years against the right to sue in this case, and the defendant claims that these three years, together with the succeeding three years under the act of 1849, ought to be considered as a bar to this suit. This proposition is correct, if the act of 1849 is not repealed by the act of 1852. A

second law does not repeal a former one without a repealing clause or negative words, unless so clearly repugnant as to imply a negative. (*Beale* v. *Hale*, 4 *Howard*, 37 ; 1 *Black. Com.* 89 ; 1 *Gallison*, 153, *The Argo Case.*)

So far as this kind of suit is concerned, the act of 1852 contains no repealing clause, no negative words, no expressions or ideas in any way repugnant to the act of 1849. The act of 1849 says, that "every action of assumpsit shall be commenced within six years after the action shall have accrued." The act of 1852 says, that "all actions of assumpsit shall be commenced within six years after the cause of action shall accrue, and not afterwards." Can these provisions be so much alike, and at the same time irreconcilable with each other ? If they are not inconsistent, then both must stand ; but if there is any conflict between them, the former must fall. "*Leges posteriores priores contrarias abrogant.*" In the case of *Davis et al.* v. *Fairbairn et al.*, 3 *Howard*, 636, the Supreme Court of the United States say, in reference to legislation at different times upon the same subject, "they are both affirmative statutes, and such part of the prior statute as may be incorporated into the subsequent one as consistent with it, must be considered in force." "This is the settled rule of construction."

The concurrence of the statutes in that case was much less apparent than in the case under consideration. There an act of 1776 provided that certain deeds should not pass title "unless acknowledged before some mayor, chief magistrate, or," &c. Another act, of 1785, provided that no estate shall be conveyed, &c., unless acknowledged or proved before a "general court, or court of county, city, or corporation." In 1811 the deed in dispute was acknowledged before a mayor under the act of 1776, and the court held the acknowledgment good, because there was no repugnancy in the acts of 1776 and 1785. We cannot recognise this case as a sound exposition of law, without holding that our limitation acts of 1849 and 1852 are entirely consistent with each other. In the case of *Wood* v. *U. S. A.*, 16 *Peters*, 362, the Supreme Court, in

McLaughlin *v.* Hoover.

speaking of a legislative act, says, "that it has not been expressly, or by direct terms repealed, is admitted; and the question resolves itself into the more narrow inquiry, whether it has been repealed by necessary implication—we say, by necessary implication, for it is not sufficient to establish that subsequent laws cover some, or even all the cases provided for by it, for they may be merely affirmative, or cumulative, or auxiliary. But there must be a positive repugnancy between the provisions of the new law and those of the old, and even then the old law is. repealed by implication only '*protanto*' to the extent of the repugnancy." " Although two acts are seemingly repugnant, yet they should, if possible, have such construction that the latter may not repeal the former." (*Bac. Abr. Statute, C.; Foster's Case,* 11 *Coke,* 63; *Weston's Case, Dyer,* 347.) Virtual appeals are not favored by courts. A body of acts ought to be held as one act, so far as they do not conflict with each other. (*McGowan* v. *Hay,* 5 *Litt.* 297; *Snell* v. *Bridgwater Co.* 24 *Pick.* 296; *Planters' Bank* v. *The State,* 6 *Smede & Marsh.* 628; 4 *Watts & Serg.* 461; *Goddard* v. *Boston,* 20 *Pick.* 407.)

Nothing can be clearer, than that the acts of 1849 and 1852 referred to, do not conflict with each other, and, according to the law laid down in the authorities above cited, must be taken as one act. They are in *pari materia,* and, therefore, by a well settled rule, they are to be taken and construed together. (*U. S.* v. *Freeman,* 3 *Howard,* 556.)

The court, in that case, says: " If divers statutes relate to the same thing, they ought all to be taken into consideration, in construing any one of them; and it is an established rule of law, that all acts in *pari materia* are to be taken together as if one law." When we look at all our limitation acts, to ascertain the mind of our legislature, we find a repealing clause in the act of 1849, but none in that of 1852. We can only explain the difference in these two statutes by supposing a difference of intention, and a design to let the act of 1849 run against those causes of action upon which it had commenced to operate. We hold, therefore,

that the act of 1852 is a mere continuation of the act of 1849, and that both are to be taken, with reference to this case, as one limitation law. Can, then, a bar to this suit be allowed, by computing time before the act of 1849 took effect? *Shall have accrued,* in that statute, is peculiar phraseology, and seems to indicate causes of action then existing. Limitation laws effect the remedy, and the legislative power has the same right to regulate and restrict remedies upon causes of action in existence, as upon causes of action to be created. When the law is made operative *in presenti,* courts cannot legislate away the effect, and declare that it shall operate only *in futuro.*

Whenever judicial tribunals can apply the remedy and save the right, no discretion is left by the law; but all cases must be treated in the same manner, and adjudged upon the same principles.

We concur with the Supreme Court of the United States in the opinion expressed in the case of *Ross et al.* v. *Duval et al.* 13 *Pet.* 45. The court there says, " it is a sound principle, that when a statute of limitations prescribes the time within which a suit shall be brought, or an act done, and a part of the time has elapsed, effect may be given to the act; and the time yet to run, being a reasonable part of the whole time, will be considered the limitation in the mind of the legislature in such cases." To the same effect is the decision in the case of *Piatt* v. *Sattier,* 11 *McLean,* 146. In *Gaubier* v. *Franklin,* 1 *Texas Rep.,* the court decides, " that upon the substitution of a new term of limitation or prescription, the time which has elapsed after the maturity of the contract, under the old law, is to be computed, in reference to its effect under the law, in ascertaining the time which would bar the action under the new law. If one-half of the time prescribed by the old law had elapsed when the new law was adopted, the lapse of one-half of the time would bar the right of action." If the legislature should pass an act, barring a past action, without any allowance of time for the institution of a suit in future, such an act would be so unreasonable as

to amount to a denial of right, and call for the interposition of the court.

We conclude, then, that it is the duty of the court to apply the remedy by limitation in all cases, except where it would cut off the right, and then the court is bound, by the fundamental law, to give a party reasonable time in which to escape the effect of such remedy. We are aware that this opinion cannot be reconciled with the case of *Norris* v. *Slaughter*, 1 *Green Rep.;* but that decision was in conflict with the decision of two of the present members of this court, as district judges in Iowa, and, we believe, contrary to the weight of authority.

The plaintiff in this case had three years, after the act of 1849 took effect, in which to bring suit; and he should not complain if the same sort of legislation, which has admonished him to diligence since his right of action accrued, should now extinguish that right by giving effect to his delay.

Statutes of limitation are statutes of repose. They promote peace and harmony in society; they close the door to litigation, and should, therefore, be favored by courts.

Demurrer overruled.