# REPORTS OF CASES

DETERMINED IN THE

# SUPREME COURT,

## DECEMBER TERM, 1873.

---

WM. M. PITMAN, Respondent, *v.* WILSON BUMP,
APPELLANT.

LIMITATION OF TIME WITHIN WHICH ACTIONS MAY BE BROUGHT.—The Act of
October 22, 1870, amending the Practice Act and limiting the period
for commencing certain actions to two years, includes within that limit
only causes of action that accrued after the passage of the act.

APPEAL from Benton County.

By an amendatory act of the Legislature, approved Octo-
ber 22, 1870, the time within which actions for criminal
conversation could be brought was limited to two years.
(Civ. Code, § 8.) Prior to this amendment, the limitation
for such actions was six years.

This is an action begun on the 12th day of February,
1873, by respondent against appellant for enticing away
respondent's wife. The alleged cause of action accrued
March 27, 1870, seven months before the passage of the
amendatory act referred to. The defendant demurred upon
the ground that the action had not been commenced within
the time limited by the Civil Code. The Court overruled

the demurrer, and rendered judgment in favor of respondent, from which judgment appellant appeals.

*John Burnett, R. S. Strahan and John Kelsay,* for Appellant.

The amendment applies to all causes of action existing and prospective. The law makes no exception, and the court can make none. (9 How. U. S. 526; 12 Minn. 577; 13 Minn. 153, 324; 13 Pet. 45; 42 Vt. 234.)

The Statute of Limitations forms no part of the contract; it affects the remedy only, and that statute governs which happens to be in force when suit is brought. (1 Ia. 56; 1 How. U. S. 316; 1 Kern. 281; Sedg. on Stat. & Con. Law, 658, 691.)

The only limitation on the power of the Legislature, in enacting laws of the kind in question, is that it shall pass no *ex post facto* law, or law impairing the obligation of contracts. The law in question does not conflict with this provision of the Constitution. (15 Ohio, 207; 3 Kansas, 507; 1 Duval (Ky.) 349; 1 Or. 31; 3 Paige, 415; How. N. Y. Code, ₴ 73, p. 117; 3 Paige R. 415.)

The act may be construed to meet every objection urged against it by applying it to all cases of the class referred to, giving two years in which to bring all actions not barred by the act of 1862, cutting off no remedy, injuring no one's rights. (10 Cal. 308; 1 Cush. 508.)

Statutes of Limitations are statutes of repose. They promote peace and harmony in society; they close the doors to litigation, and should, therefore, be favored by the courts. (1 Or. 31.)

*F. A. Chenoweth and W. W. Thayer,* for Respondent.

The amendment only applies to causes that have arisen since its passage. (Angell on Limitations, 14, ₴ 22; *Thompson* v. *Alexander,* 11 Ill. 54; *Wynehasmer* v. *The People,* 13 N. Y. 378.)

The amendment is in violation of the Constitution. (Constitution, Art. 4, ₴₴ 20 and 22.)

By the Court, UPTON, C. J.:

The action in this case is for criminal conversation, and the defendant demurred to the complaint on the ground that the action is barred by the Statute of Limitations. The action was commenced in February, 1873, charging the acts complained of to have been committed in March,.1870, and the appeal presents the question whether the time for commencing the action is barred by the amendatory act, passed October 22, 1870.

The appellant submits the proposition that the amendment controls the period of limitation in all actions of this class by limiting it to two years from the time the cause of action accrued, whether the two years had or had not elapsed when the act was passed, and claims that if that mode of computation is not applicable in all cases, the time cannot in any case extend beyond two years from the passage of the amendatory act.

The respondent takes the position that the language of the amendment, properly construed, does not include the case at bar; he also claims that the act is in violation of Art. 4, § 22 of the Constitution, which provides that "No act shall be amended or revised by mere reference to its title, but the act revised or section amended shall be set forth and published at full length;" and that it is in violation of § 20 of the same Article, which requires that the "subjects shall be expressed in the title." The Court does not deem it necessary to express an opinion on the constitutionality of the amendment, as we think the case at bar may be disposed of without reference to that question.

This cause of action accrued some months before the passage of the amendatory act, and is not within its provisions unless the statute is retroactive.

Section 3 of the Code provides that "Actions at law shall only be commenced within the period prescribed in this title, after the cause of action shall have accrued;" and §§ 4, 5, 6, 7, 8 and 9 prescribe the periods and specify the causes of action embraced in each period, some of which specifications the amendment purports to change. Looking at the

whole act, as amended, its provisions, so far as they relate to this class of actions, are, in substance, that actions at law for criminal conversation shall be commenced within a period of two years "after the cause of action shall have accrued." The amendment or re-enactment creates a new rule, the effect of which had its beginning at the approval of the amendatory act; and in determining the effect of the amendment on cases that are within its operation, the whole act as amended is to be read as if the entire act bore the date of the amendment; in those cases the action must be commenced within a period of two years after the cause of action shall have accrued.

The expression, a period of two years after the time the cause of action shall have accrued, if literally construed, or if taken in its ordinary acceptation, refers to a period commencing at a time subsequent to the enactment, and unless we depart from the more obvious construction of the language employed, the period of two years, as designated in the amended act, will apply only to causes that accrue at a time subsequent to the amendment. A literal construction will not necessarily include a cause of action that accrued before that time, and the inquiry is whether this is a case where a departure from the ordinary import of the words of the statute is justified by the circumstances and will promote the ends of justice. Conceding that it is within the province of the Legislature to make statutes retroactive when they affect the remedy only, it does not comport with justice that such a statute should take effect immediately on causes where the two years had already expired; in fact that would be more than changing the remedy. (*Scarborough* v. *Dugan*, 10 Cal. 305.)

There is no substantial difference between a retrospective law declaring a particular class of contracts void, and one which takes away all remedy to enforce them. (*Bronson* v. *Kinzie*, 1 How. 311.)

Many of the cases cited are based upon statutory provisions differing materially from ours. In California, and in other States, where some of these cases have arisen, it is expressly enacted that the party shall have, after the

passage of the act, the whole prescribed period in which to commence his action.

The language of the act will not extend, even by the most liberal construction, to any cause of action that had already accrued, without including those that had accrued more than two years before the amendment was enacted. The amendment makes but one rule for ascertaining when the period is to commence, and it makes no provision for a period to commence at the passage of the act; the time when the "cause of action shall have accrued" is the only point at which the period can commence, and it would be disregarding the statute, rather than construing it, to make the period of two years commence at the passage of the amendment without regard to the time when the cause of action accrued.

If any reasonable construction would exclude from the effect of the amendment all cases in which fully two years had then run, and yet include some other cases in which the cause of action had already arisen, we find no rule for determining which of the latter cases should be included, or for discriminating between causes of action that accrued nearly two years before the passage of the act, and those that accrued a month or even a day previous. The computation commencing in all cases at the time the cause of action accrued, it might include cases that would become barred in a week or a day after the passage of the act. As a general rule such construction is not favored, and courts have refused to give a retroactive effect to statutes of this kind unless that intention is so clear and positive as by no possibility to admit of any other construction. (*Wood* v. *Oakly*, 11 Paige, 400; *Dash* v. *Van Kleeck*, 7 John. 477; *Johnson* v. *Burrill*, 2 Hill, 258; *Van Allen* v. *Feltz*, 1 Keys, 332.)

The Court is of opinion that in this class of actions the limitation of two years applies only to those cases where the cause of action accrued after the passage of the amendatory act.

The judgment of the Circuit Court should be affirmed.