Argued September 13, affirmed December 14, 1966

REYNOLDS METALS COMPANY *v.* STATE
TAX COMMISSION

421 P. 2d 379

*Allan Hart,* Portland, argued the cause for appellant. On the briefs were Hart, Veazie, Bischoff & Hanlon, Portland.

*Alfred B. Thomas,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Carlisle B. Roberts, Assistant Attorney General, Salem.

Before McALLISTER, Chief Justice, and PERRY, O'CONNELL, DENECKE and REDDING, Justices.

DENECKE, J.

The issue is one of statutory construction. The defendant Commission assessed additional corporation excise taxes against the plaintiff taxpayer for the years 1954 and 1955.① The taxpayer contends that the Commission is barred from making such assessments because they were not timely made. The Tax Court held for the Commission and the taxpayer appeals. 2 OTR Adv Sh 349 (1966).

In November of 1956 the Commission notified the taxpayer of a proposed assessment of additional taxes.

---

① The problem is identical for both years and, therefore, only 1954 will be discussed.

In December of 1956 the taxpayer paid a portion of the proposed additional assessment and declined to pay the balance. In December of 1963 the Commission assessed the taxpayer for the balance of the amount proposed in November of 1956.

■ The legislature has frequently changed the time limitation upon the Commission for assessing additional corporate excise taxes. Prior to 1957 the statute provided that if the Commission discovered, from audit or otherwise, that a portion of the taxpayer's income had not been assessed, it could at any time within three years after the taxpayer's return had been filed give notice to the taxpayer of the additional amount due.[2] The statute provided that the mailing to the taxpayer of the notice of proposed assessment would be compliance with the requirement that the assessment be made within three years although the tax actually be assessed after the three-year period. The effect of such statute was that if the notice of proposed assessment were mailed within three years, the Commission could make the actual assessment at any time thereafter. There was no time limitation upon the making of the actual assessment.

In 1957 the legislature retained the provision that it was only necessary to mail a notice of proposed assessment within the three-year period although the tax is actually assessed after such three-year period; however, there was added the following:

"* * * provided, however, where a notice of proposed assessment is mailed after June 30, 1957, the tax must be assessed and notice mailed to the taxpayer before one year from the date of the notice of proposed assessment, otherwise the notices are voided unless an extension of time

[2] This three-year limitation did not apply to fraud cases. Oregon Laws 1955, ch 581, § 2, p 703; ORS 317.410.

\* \* \* is agreed upon before the expiration of the year." Oregon Laws 1957, ch 632, § 14(3), p 1050, filed June 12, 1957.

The intent of this addition seems clear. A time limitation was placed upon making the actual assessment: one year after notice of the proposed assessment. The statute was made applicable to cases in which the notice of proposed assessment was mailed after June 30, 1957. The 1957 amendment, therefore, did not affect the present case as the notice of proposed assessment was mailed before June 30, 1957.

The 1959 legislature made another change which is the crux of this appeal. The problem raised by this amendment may be better understood by setting out the 1959 act as contained in the Session Laws. Chapter 212, § 2, p 272, Oregon Laws 1959, effective August 5, 1959, provides, in part:

"[(3) Mailing of notice of proposd assessment to the taxpayer at his last known address shall constitute the giving of notice, and the giving of such notice within the applicable period prescribed in subsections (1) and (2) of this section shall be compliance therewith although the tax is assessed after such period; provided, however, where a notice of proposed assessment is mailed]

"(4) After June 30, 1957, the tax *deficiency* must be assessed and notice [mailed] of *tax assessment mailed* to the taxpayer [before] *within* one year from the date of the notice of proposed assessment [, otherwise the notices are voided] unless an extension of time [like that provided in subsection (2) of this section] is agreed upon [before the expiration of the year] *as prescribed in subsection (6) of this section.* [This is now ORS 314.410(4).]

"\* \* \* \* \*

"NOTE: Matter in *italics* in an amended section is new; matter [lined out and bracketed] is existing

law to be omitted; complete new sections begin with Section."

The assessment in this case was made in 1963, whereas the notice of proposed assessment was made seven years earlier in 1956. If the 1959 statute applies, the assessment is too late and the Commission is barred.

The Commission demurred to plaintiff's complaint and the Tax Court sustained the demurrer.

The 1959 legislative changes were brought about by the enactment of Senate Bill No. 48. The minutes of the Senate Taxation Committee have attached a summary of Senator Musa, who was designated by the Senate Taxation Committee to carry Senate Bill No. 48 on the floor:

"Senate Bill No. 48 was introduced at the request of the State Tax Commission. It is a house-keeping bill * * *.®

"The provisions of ORS 314.405 and 314.410 are merely rearranged in a clear, chronological order so that the uninitiated reader or taxpayer will better understand the subjects of audit, proposed assessment, conference, assessment and penalties.

"S. B. 48 makes no changes in the present law. * * *."

The principal contention of the Commission is that it would require retroactive construction of the statute to bar the assessment and the general rule is that statutes will not be construed to have retroactive operation unless they clearly so state. The Tax Court held for the Commission on this basis.

Statutes not purely procedural or remedial

---

® Query: In view of this litigation, was this "good house-keeping"?

are construed as acting only prospectively unless the statute expresses a clear intention to the contrary. *Henderson v. State Tax Commission,* 182 Or 519, 522, 188 P2d 630 (1948). Although statutes of limitation may be considered as concerned more with procedural law than with substantive law, the same rule has been applied to the construction of such statutes. *Pitman v. Bump,* 5 Or 17 (1873); *Fullerton v. Lamm,* 177 Or 655, 665, 163 P2d 941, 165 P2d 63 (1946).

*Fullerton v. Lamm,* supra, is an example of a clear expression of the legislative intention that a statute of limitations shall be retroactive:

"'Section 1. Recovery for overtime or premium pay *accrued or accruing,* including penalties thereunder, required or authorized by any statute shall be limited to such pay or penalties for work performed within six months immediately preceding the institution of any action or suit in any court for the recovery thereof; provided, that an action may be maintained within a period of 90 days after the effective date of this act on claims heretofore accrued.'" (Emphasis added.) 177 Or at 660.

The phrase "accrued or accruing" was construed to mean "'heretofore accrued or which shall hereafter accrue.'" 177 Or at 665.

If the present statute with which we are concerned read: "The tax deficiency must be assessed within one year from the date of the notice of proposed assessment," the above-stated rule that the statute would be construed prospectively would be clearly applicable. Only those assessments in which the notice of proposed assessment was given after the effective date of the statute would be barred if not made within a year after the notice.

The question is, what is the effect of prefacing the

statute of limitations with the phrase, "After June 30, 1957"?

■■ The taxpayer contends the statute is clear,— it means that *every* deficiency assessed after June 30, 1957, must be assessed within one year from the date of the notice of the proposed assessment. That is a plausible meaning; however, we conclude that the Commission's contention that the statute applies only to deficiencies in which the notice of proposed assessment was made after June 30, 1957, is also plausible. Both being plausible, there is no clear intention expressed that the statute be applied retroactively and the statute does not bar the assessment against the taxpayer plaintiff because the notices of proposed assessment were made before June 30, 1957.

We reach our conclusion that the Commission's contention is plausible for two principal reasons. June 30, 1957, had already passed at the time the statute was enacted in April, 1959. It is unusual for a statute to select a cut-off date which has already occurred almost two years before the enactment of the statute. A logical reason for selecting a date already passed was to keep the law as enacted in 1959 in conformity with the law as it was stated in the 1957 amendment, i.e., the one-year limitation is to be applicable to proceedings in which the notice of proposed assessment was given after June 30, 1957.

Affirmed.