Submitted on briefs May 19, reversed September 11, 1970

NICHOLS, *Appellant, v.* WILBUR, *Defendant,*
and PRESBYTERIAN INTERCOMMUNITY
HOSPITAL, INC., *Respondent.*

473 P2d 1022

Miller, Moulton & Andrews and Randolph Slocum
and James J. Duryea, Roseburg, for appellant.

J. Anthony Giacomini and Stanley C. Jones, Klamath Falls, for respondent.

SLOAN, J.

This is an action for wrongful death of plaintiff's
decedent. The case involves the question of the statute

of limitations which was applicable at the time the action was filed against defendant Presbyterian Intercommunity Hospital, Inc. The death occurred on January 11, 1967. In September 1967, an amendment to the wrongful death statute, ORS 30.020, became effective which extended the period of limitations from two to three years. This action was filed on May 6, 1969. The trial court sustained a demurrer to the complaint on the basis that the two-year statute of limitations prevailed at the time the complaint was filed. Plaintiff appeals from the judgment that was entered accordingly. Plaintiff contends that the three-year statute applied.

We have had no prior case in Oregon which precisely presents this problem. However, it is generally and rather consistently held by most courts that statutes enlarging the period of limitations apply to existing causes of actions that had not been barred by the previous limitation. It is held that such statutes are not retrospective in application but are merely an extension of the right to bring the action. See Annotation 79 ALR2d beginning at p 1080. The most comprehensive review of the authorities in this area is to be found in the case of *Davis & McMillan v. Industrial Accident Commission*, 1926, 198 Cal 631, 246 P 1046, where the California court held:

> "It is clear from the decisions of the courts of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the Legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceedings after

·the passage of an amendment shortening the period. (Citing cases). It is equally well settled that an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation, and does not impair any vested right. * * *." 246 P 1047-1048.

We follow this decision.

Defendant cites and relies on cases mentioned at 79 ALR2d beginning at p 1109 which hold that an enlarging amendment to a statute of limitations written into an act creating the cause of action, as it is here, will not extend the time for filing a cause already in existence. Defendant also finds some support in *Richard v. Slate*, 1964, 239 Or 164, 396 P2d 900. However, in that case the action was held not to have been filed until after the limitation statute had expired. The problem presented here was not mentioned in the *Richard* case. We think the distinction urged by defendant and the cases cited is untenable. To the extent that *Richard v. Slate* indicates to the contrary, it is to be disregarded. In fact, in the California case of *Davis & McMillan v. Industrial Accident Commission, supra,* the limitation statute was one written into the compensation act relating to the time for filing proceedings for benefits. We believe the better view is that expressed by the California court and adopt it.

Reversed.