WOLF, *Appellant,*
*v.*
GOIN, *Respondent.*
(No. 46093, CA 5511)
552 P2d 258

*Douglas M. Fellows,* Portland, argued the cause for appellant. With him on the brief were Hedrick, Fellows, McCarthy & Zikes, P.C., Portland.

*Ronald M. Somers,* The Dalles, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

LANGTRY, J.

**LANGTRY, J.**

Pursuant to the terms of ORS 109.100[1] petitioner, an eight-year-old, applied to the circuit court through a guardian ad litem for an order requiring the respondent, alleged to be his "natural and acknowledged father," to make support payments on his behalf. Subsequent to the filing of an answer, and prior to any hearing on the merits of the petition, the court entered a judgment order for the respondent. Framed in less than precise terms, that order was apparently based on several alternative grounds;[2] we affirm for the single reason that petitioner's cause of action was barred by an applicable statute of limitations.

It is conceded that the general denial incorporated into respondent's answer necessarily required the court below to resolve a preliminary issue—that of whether respondent was actually the petitioner's father—prior to the entry of any support order. Neither party to this appeal appears to doubt that the court below had the authority to make such a determi-

---

[1] "Any minor child [or state agency on behalf of that minor child] may, in accordance with ORS 13.041, apply to the circuit court in the county in which he resides, or in which his natural or adoptive father or mother may be found, for an order upon such child's father or mother, or both, to provide for the child's support. The minor child [or state agency] may apply for the order by filing in such county a petition setting forth the facts and circumstances upon which he relies for such order. If satisfied that a just cause exists, the court shall direct that a citation issue to the father or mother requiring him or her to appear at a time set by the court to show cause why an order of support should not be entered in the matter * * *." ORS 109.100(1). The bracketed portions above which are of no interest to this case were added in 1975.

[2] In relevant part the judgment order provided:

"* * * [The] matter having been regularly set for hearing on the 19th day of September, 1975, and the Respondent appearing and the Petitioner did not without leave of the Court and the Petitioner having represented to the Court that the stipulated facts be submitted to the Court within one week and more than 55 days having elapsed and the Court having found that the Petitioner's Petition is not well taken and it appears to the Court that the statute of limitations bars the Petitioner's action * * * now, therefore,

"IT IS HEREBY ORDERED that judgment be entered for the Respondent and against the Petitioner."

[ 25 ]

nation. The legislature has, in fact, explicitly indicated that "filiation" proceedings—ORS 109.125 through 109.235—are not the exclusive means by which the paternity of an individual may be established, providing in ORS 109.070 that paternity may be established not only by the five specific methods enumerated, including filiation proceedings, but also by "other provision[s] of law."[3]

Relying upon that broad grant of authority, the court concluded in *Thom v. Bailey,* 257 Or 572, 481 P2d 355 (1971), that the paternity of a child could properly be established by means of a proceeding initiated pursuant to the Uniform Declaratory Judgment Act (ORS ch 28) and within the context of an heirship determination proceeding under what was then ORS 117.510.[4] The availability of declaratory relief as an alternative to proceeding under the filiation statutes was recently reaffirmed by the court in *Fox v. Hohenshelt,* 275 Or 91, 549 P2d 1117 (1976).

In a case somewhat analogous to the case at bar, plaintiff in *Clarkston v. Bridge,* 273 Or 68, 539 P2d

---

[3]"The paternity of a person may be established as follows:

"(1) The child of a wife cohabiting with her husband who was not impotent or sterile at the time of the conception of the child, shall be conclusively presumed to be the child of her husband, whether or not the marriage of the husband and wife may be void.

"(2) A child born in wedlock, there being no decree of separation from bed or board, shall be presumed to be the child of the mother's husband, whether or not the marriage of the husband and wife may be void. This shall be a disputable presumption.

"(3) By the marriage of the parents of a child after his birth.

"(4) By filiation proceedings.

"(5) By joint declaration of paternity filed with the Bureau of Vital Statistics in the form approved by the bureau and with the fee prescribed by the bureau. The declaration shall include information sufficient to identify the child and sworn statements of the natural father and the mother that the natural father is the father of the child and that there is no legal father. The bureau shall prepare a new birth certificate under the procedure established by ORS 432.425.

"(6) *By paternity being established or declared by other provision of law.*" (Emphasis supplied.) ORS 109.070. Subsection (5) which is of no interest to this case was added in 1975.

[4]ORS 117.510 was repealed by Oregon Laws 1969, ch 591, § 305.

1094 (1975), initiated a proceeding under the Uniform Reciprocal Enforcement of Support Act (ORS ch 110) seeking support for her minor daughter. Defendant in that case filed a motion to quash service and a demurrer to the complaint, each alleging that there had been no prior adjudication of paternity and contending that the circuit court lacked jurisdiction to make such an adjudication in the context of an URESA proceeding. Noting that the authority to deal with the question of paternity in such a proceeding was "clearly implied" by virtue of the fact that the resolution of that particular issue would necessarily be a prerequisite to the entry of an order enforcing a "duty of support," the Supreme Court concluded that the URESA was also a "provision of law" within the terms of ORS 109.070(6).

■■ Similarly, where, as here, an application for support is made under ORS 109.100 and the individual cited as the party defendant denies that he is, in fact, the "natural or adoptive" father of the petitioner, the court with whom the petition has been filed will also be required to resolve the question of the child's paternity as a prerequisite to the entry of a support order. The authority to make that determination does not, however, arise from ORS 109.100 itself. The circuit court is endowed with the authority to make a determination of paternity within the context of a support or declaratory proceeding by the terms of ORS 109.070(6) (*see* note 3, *supra*). Absent that provision a child seeking a support order would be required to first establish paternity by reliance upon one of the specific alternatives set out in the preceding subsections of ORS 109.070. The availability of an additional alternative, whether declaratory judgment, a proceeding under the URESA or an ORS 109.100 proceeding, arises from the general grant of authority found in ORS 109.070(6). Where one of those alternatives is employed for the purpose of establishing paternity it is, therefore, a "proceeding under ORS * * * 109.070 * * *," and must, in accordance with the terms of ORS

[ 27 ]

109.135,[5] be commenced within six years after the birth of the child.

■■ Pointing out that ORS 109.135 was enacted some two years after his birth[6] at a time when there existed no statutory limit upon the commencement of a paternity proceeding, in whatever form, petitioner argues that the six-year period incorporated into that statute can have no application to this case. The Supreme Court has, however, long ago and recently indicated that a newly enacted or amended limitation period applies to a "preexisting" cause of action, so long as a litigant is afforded a "reasonable" opportunity to initiate a proceeding subsequent to the enactment of the new statute. *McLaughlin v. Hoover,* 1 Or 31 (1853); *Nichols v. Wilbur,* 256 Or 418, 473 P2d 1022 (1970). Following the enactment of ORS 109.135 in 1969, there remained an interval of nearly four years, a patently "reasonable" period, within which petitioner might have sought to prosecute an action to establish paternity. Failing to have taken that necessary step in a timely fashion, petitioner is now barred from proceeding on this cause of action.

Affirmed.

---

[5]"A proceeding under ORS 7.215, 23.775, 23.795, 109.070, 109.125 to 109.165, 109.220, 109.252 and 156.610 shall be commenced within six years after the birth of the child." ORS 109.135(3).

[6]Oregon Laws 1969, ch 619, § 7.