Argued and submitted May 22, reversed and remanded June 24, 1987

BERGSTAD,
*Appellant,*

*v.*

THOREN,
*Defendant,*

*and*

BAY AREA HEALTH DISTRICT,
dba Bay Area Hospital,
*Respondent.*

(85-273; CA A38800)

738 P2d 223

Robert K. Udziela, Portland, argued the cause for appellant. With him on the briefs were Keith E. Tichenor and Pozzi, Wilson, Atchison, O'Leary & Conboy, Portland.

Dennis W. Percell, Eugene, argued the cause for respondent. With him on the brief were John L. Luvaas and Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Before Warden, Presiding Judge, and Joseph, Chief Judge, and Van Hoomissen, Judge.

WARDEN, P. J.

## WARDEN, P. J.

The issue in this medical malpractice case is whether plaintiff's claims against Bay Area Health District (defendant) are time-barred. The trial court held that they are and entered summary judgment in favor of defendant.[1] Plaintiff appeals, and we reverse and remand.

Plaintiff, guardian *ad litem* for her minor child, alleges that the child suffered damages as a result of defendant's negligence during and shortly after the child's birth on February 22, 1980. At that time, the combination of ORS 30.275[2] and ORS 12.160[3] permitted the case to be filed within seven years of the accrual of plaintiff's cause of action, or at least as late as February 22, 1987. *See Bradford v. Davis,* 290 Or 855, 861-62, 626 P2d 1376 (1981). Plaintiff filed her complaint on February 12, 1985, within that seven-year period.

In 1981, the legislature amended ORS 30.275 to provide for an absolute two year statute of limitations on actions brought under the OTCA.[4] Defendant argues that the

---

[1] Plaintiff's case against codefendant Thoren remains pending in the trial court. The judgment entered complied with ORCP 67B.

[2] Defendant is a "public body" within the meaning of the Oregon Tort Claims Act (OTCA), ORS 30.260 to ORS 30.300, and, therefore, tort actions against it must comply with the requirements of that act. At the time plaintiff's cause of action accrued, ORS 30.275 provided, in relevant part:

"(3) No action shall be maintained * * * unless the action is commenced within two years after the date of such accident or occurrence."

[3] At the time plaintiff's cause of action accrued, ORS.12.160 provided, in relevant part:

"If, at the time the cause of action accrues, any person entitled to bring an action * * * is:

"(1) Within the age of 18 years,

"* * * * *

"the time of such disability shall not be a part of the time limited for the commencement of the action; but the period within which the action shall be brought shall not be extended more than five years by any such disability * * *."

[4] After its amendment in 1981, Or Laws 1981, ch 350, § 1, *effective* January 1, 1982, ORS 30.275 provided, in relevant part:

"(8) Except as provided in ORS 12.120 and 12.135, but notwithstanding any other provision of ORS chapter 12 or other statute providing a limitation on the commencement of an action, an action arising from any act or omission of a public body or an officer, employe or agent of a public body within the scope of the [OTCA] shall be commenced within two years after the alleged loss or injury."

amended statute applies to this case and that, therefore, plaintiff's claim is barred, because she had only two years after the effective date of the amendment, or until January 1, 1984, to file the action. Plaintiff contends that the amendment should not be applied to causes of action like hers that accrued before the effective date of the amendment. We agree with plaintiff.

■    The 1981 amendment has no provision which either requires or prohibits its application to the facts here. In the absence of legislative direction to the contrary, however, a statute that affects "legal rights and obligations arising out of past actions" is applied only prospectively. *Joseph v. Lowery,* 261 Or 545, 548-49, 495 P2d 273 (1972); *see Wick v. SAIF,* 37 Or App 285, 289, 587 P2d 477 (1978). We have held that when an amendment to a Statute of Limitations reduces or decreases the time in which an action may be brought, "the change will not cut off rights which have accrued under the old law prior to the change." *Bower Trucking and Whse. Co. v. Multnomah Cty.,* 35 Or App 427, 433, 582 P2d 439 (1978); *cf. Wolf v. Goin,* 26 Or App 23, 28, 552 P2d 258, *rev den* (1976) (amended limitation period applies to existing cause of action if litigant is afforded a reasonable opportunity to initiate a proceeding after the enactment of the amendment).

■    Applying the 1981 amendment to this case would cut off plaintiff's legal rights several years earlier than would the prior law. In other cases it could have the effect off cutting of legal rights on the act's effective date. For those reasons, we hold that the 1981 amendment to ORS 30.275, which provides for an absolute two year limitation period on actions brought under OTCA, is to be applied only to causes of action that accrue after the amendment's effective date, January 1, 1982. The trial court therefore erred in granting summary judgment in favor of defendant.

Reversed and remanded.