# IN THE OREGON TAX COURT

Irving W. and Arlene S. POTTER
*v.*
DEPARTMENT OF REVENUE
(TC 2951)

Plaintiff, Irving W. Potter, appeared *pro se.*

Bonni C. Canary, Assistant Attorney General, Department of Justice, Salem, represented defendant.

Defendant's Motion For Summary Judgment granted October 10, 1990.

## CARL N. BYERS, Judge

This matter is before the court on cross-motions for summary judgment. The parties agree to the facts but dispute the application of a statute of limitations.

A brief explanation of the administrative process is helpful in understanding the problem. An Oregon resident files a federal and a state income tax return. If the Internal Revenue Service (IRS) corrects the federal return, defendant may be notified of the correction by either the taxpayer or the IRS. Once notified, defendant has a limited time to assess a

tax deficiency based on the federal correction. It is that time limit which is at issue here.

In this case, the IRS corrected plaintiffs' 1980 federal income tax return. Plaintiffs did not notify defendant of the correction but the IRS did on November 3, 1983. After the IRS notified defendant, but before defendant issued its notice of deficiency, the 1985 legislature amended ORS 314.410(3). The amending law, Or Laws 1985, ch 602, § 5, provided:

> "(3) The limitations to the giving of notice of a deficiency provided in this section shall not apply to a deficiency resulting from false or fraudulent returns, or in cases where no return has been filed. If the Commissioner of Internal Revenue or other authorized officer of the Federal Government makes a correction resulting in a change in income tax for state income tax purposes, [*and a report thereof is filed with the department by the taxpayer in accordance with ORS 314.380,*] then notice of a deficiency under any law imposing tax upon or measured by income for the corresponding tax year may be mailed within [*one year*] **two years** after **the department is notified by the taxpayer or the commissioner of** such federal correction [*becomes final*], or within the applicable three-year or five-year period prescribed in subsections (1) and (2) of this section, respectively, whichever period expires the later. [*The limitations to the giving of notice of a deficiency shall not apply where a taxpayer has failed to file any report or amended return required by ORS 314.380 until three years after the federal correction becomes final.*]"

The issue in this case is whether this 1985 amendment applies to plaintiffs' 1980 income tax return.

■ In the absence of an express intent, the general rule is that statutes will not be applied retroactively. However, whenever there is a change in the law, that change will have retroactive effect to the degree it changes expectations and rights which existed under the prior law. *See* 2 Sutherland Stat Const § 41.02 at 341 (4th ed). The difficult question that must be frequently answered is: When or at what point should the new statute take effect? If the legislature fails to specify a time, it falls on the courts to do so.

■ The courts have developed rules of statutory construction to aid them in determining legislative intent. However, those "rules" are merely common sense guides. As such,

their application may be the subject of disagreement among the most authoritative experts. *See,* for example, the majority, concurring and dissenting opinions in *Whipple v. Howser,* 291 Or 475, 632 P2d 782 (1981). As the majority opinion indicates, a court should resort to the rules of statutory construction only when it cannot otherwise discern the intention of the legislature. Accordingly, the court will first focus on the wording and operation of the statute in question.

Here we have a law which changes the time in which an administrative agency can act to assess additional tax. Plaintiffs contend that the statute is clear and requires no statutory construction.[1] While it may be true there is no ambiguity in the words used, the circumstances to which the statute applies are ambiguous. Plaintiffs want the new time limit applied to a notice of correction given under the old time limit. Plaintiffs reason that, if the old rule is repealed and no longer exists, the new rule must be applied because there is no other rule to apply. Plaintiffs also argue that, if the legislature intended to apply the statute only to notices given after the effective date of the Act it could have expressed that intent.

Notwithstanding these points, the court finds that the statute should only be applied prospectively. A review of the statutory changes will help the reader understand why.

Prior to the 1985 amendments, under ORS 314.410(3), there were two time limits on defendant's power to assess a tax deficiency. If the taxpayer notified defendant of the federal correction under ORS 314.380, defendant had one year to assess the tax deficiency. If the taxpayer did not notify defendant, defendant had three years after the federal correction became final.

The 1985 amendment provides a two-year limit from notice to the defendant, whether given by the taxpayer or by the IRS. This enlarges the time where the taxpayer notifies defendant but decreases the time where the IRS notifies defendant. Although the old law provided for three years after a federal correction became "final," the new law provides a two-year limit after "notification" by the IRS. If the IRS

---

[1] Plaintiffs seek a retroactive application of the law by applying the new two-year statute of limitations rather than the old three-year statute.

delays notifying the department, the period to assess a deficiency could be longer than the prior three-year rule.

Due to the nature of these changes, the court finds that the most reasonable and fair course is to apply the law prospectively. Applying the law prospectively will avoid enlarging the time for the department to assess a deficiency in those cases where the taxpayer gave notice under ORS 314.380. It will also avoid enlarging the time where the IRS delays giving the department notice of a federal correction. Finally, applying the law prospectively will avoid cutting off the state's ability to assess a deficiency before it has notice of the federal change and a reasonable opportunity to respond. Assume, for example, that the IRS notified defendant of the federal corrections on August 1, 1983. Applying the law retroactively would cut off defendant's time to assess a deficiency before the law became effective.

In looking to decisions of the Oregon Supreme Court for guidance, there is some precedent in *Reynolds Metals v. State Tax Com.,* 245 Or 156, 421 P2d 379 (1966). That case also dealt with an amendment to ORS 314.410 but it was to subsection (4) rather than subsection (3). The issue before the court was also the effective date to be given to the amendment. The court applied the statute prospectively. Perhaps of greatest interest is the example given by the court:

> "If the present statute with which we are concerned read: 'The tax deficiency must be assessed within one year from the date of the notice of proposed assessment,' the above stated rule that the statute would be construed prospectively would be clearly applicable. Only those assessments in which the notice of proposed assessment was given after the effective date of the statute would be barred if not made within a year after the notice." *Reynolds Metals, Id.* at 161.

The language used in the example is similar to the language used in ORS 314.410(3).

In this case, there was no legislative expression that the statute is to be applied retroactively. *Smith v. Clackamas County,* 252 Or 230, 448 P2d 512 (1969). Applying the statute retroactively could impair the rights of taxpayers who gave notice under ORS 314.380. Taxpayers may have relied on the old law in making their decisions with regard to appeals. On

the other hand, applying the law prospectively cannot frustrate any expectations formed under the old law.[2]

In summary, the court finds that the 1985 amendments to ORS 314.410(3) are to be applied prospectively. Accordingly, defendant had until November 3, 1986, to issue its notice of deficiency. Since it issued the notice of deficiency on March 12, 1986, the notice was valid. Now, therefore,

IT IS HEREBY ORDERED that plaintiffs' Motion For Summary Judgment is denied; and

IT IS FURTHER ORDERED that defendant's Motion For Summary Judgment is granted.

Costs to defendant.

---

[2] Plaintiffs may complain that their expectations formed under the new law are frustrated, but those are expectations of a windfall, not of fair treatment.