Argued and submitted January 4, resubmitted In Banc October 9, affirmed
December 11, 1991, reconsideration denied March 11, petition for review
allowed April 24, 1992 (313 Or 209)

# DAVID A. BOONE,
### *Appellant,*

*v.*

# R. L. WRIGHT,
### *Respondent.*

## (CV 89-1059; CA A64820)
822 P2d 719

Wade P. Bettis, Jr., La Grande, argued the cause for appellant. On the brief were Jonel K. Ricker and Bettis & Ricker, P.C., La Grande.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

DE MUNIZ, J.

Buttler, J., dissenting.

### DE MUNIZ, J.

Petitioner filed a petition for post-conviction relief. It was dismissed on the ground that his claim was barred by the Statute of Limitations. He appeals. The issue is whether the 1989 amendment to the Post-Conviction Hearing Act ("the Act"),[1] adding a limitation period, applies to petitioner, whose conviction was entered before the amendment's effective date. We hold that the amendment applies, and we affirm.

Petitioner was convicted of burglary in the second degree. ORS 164.215. His conviction became final on May 23, 1989. At the time, ORS 138.510(2) provided that a petition for post-conviction relief "may be filed without limit in time." In August, 1989, the legislature amended that section to provide:

"A petition pursuant to [the Act] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register." Or Laws 1989, ch 1053, § 18.

The amendment became effective when the governor approved SB 284 on August 5, 1989. Or Laws 1989, ch 1053, §§ 19, 22. One hundred and sixty-five days later, on January 17, 1990, petitioner filed for post-conviction relief.[2] The post-conviction court dismissed the petition as untimely.

Petitioner contends that the legislature did not expressly declare whether the 1989 amendment to the Act should be applied to convictions that became final before August 5, 1989. He asserts that the legislature's silence creates a presumption that the amendment was not intended to apply to convictions entered before its effective date. Defendant contends that the new limitation period applies to

---

[1] Post-Conviction Hearing Act, ORS 138.510 – ORS 138.680.

[2] The petition alleges only that petitioner was denied effective assistance of counsel, because his trial attorney did not object to imposing restitution. Petitioner does not allege any "grounds for relief which could not reasonably have been raised," ORS 138.510(1), within 120 days after either entry of judgment or enactment of the limitation period.

all post-conviction proceedings, regardless of when the conviction was entered in the register.

■      A state may limit the time within which a prisoner may seek post-conviction relief. *See, e.g., United States v. Randolph*, 262 F2d 10 (7th Cir 1958), *cert den* 359 US 1004 (1959). Therefore, the sole issue here is whether the legislature intended the limitation that it established in 1989 to apply to convictions entered before its effective date.[3]

■      Legislative silence has generally led Oregon appellate courts to construe statutory amendments to only apply prospectively. *See State v. Burke*, 109 Or App 7, 10, 818 P2d 511 (1991). This is true,

> "without respect to whether the change might be 'procedural or remedial' or 'substantive' in a strictly technical sense." *Joseph v. Lowery*, 261 Or 545, 549, 495 P2d 273 (1972).

However, with the exception of *ex post facto* laws, the legislature may enact legislation intended to apply retroactively. *See Whipple v. Howser*, 291 Or 475, 480, 632 P2d 782 (1981).

■      In determining whether the 1989 amendment applies to convictions entered before its effective date, our duty is to ascertain the legislature's intent. ORS 174.020; *State v. Galligan*, 312 Or 35, 39, 816 P2d 601 (1991). Our first step is to examine the language of the statute itself. ORS 174.010; *State ex rel Juv. Dept. v. Ashley*, 312 Or 169, 174, 818 P2d 1270 (1991).

ORS 138.510(1) provides:

> "Except as otherwise provided in ORS 138.540, any person convicted of a crime under the laws of this state may file a petition for post-conviction relief pursuant to [the Act]."

ORS 138.540(1) provides, in relevant part:

> "Except as otherwise provided in [the Act], a petition pursuant to [the Act] shall be the exclusive means, after judgment rendered upon a conviction for a crime, for challenging the lawfulness of such judgment or the proceedings upon which it is based."

---

[3] Petitioner raises no constitutional challenges to the new limitation period.

The plain meaning of the words in ORS 138.540(1) is that a petition pursuant to the Act is the exclusive means for challenging the lawfulness of a conviction, unless the Act specifies otherwise. The Act does not distinguish between convictions that became final before August 5, 1989, and convictions that became final after that date. Consequently, judgments entered before August 5, 1989, are not "otherwise provided [for] in [the Act]." ORS 138.540(1) requires that challenges to those convictions, like any other, must be made "pursuant to the Act."

The Act now provides a single 120-day time frame for filing a post-conviction petition. If the petition must be filed pursuant to the Act, then this petition, like any other, must have been filed within that time frame, unless the grounds for relief "could not reasonably have been raised" earlier. ORS 138.510(2).

Defendant contends that the legislature expressly provided for a collateral attack on convictions entered before August 5, 1989, in ORS 138.510(2). In this regard, defendant says:

> "What the legislature did do, however, was to include a general provision that allows an untimely petition (*i.e.*, one not filed within 120 days after the conviction became final) if the claims asserted therein 'could not reasonably have been raised in the original or amended petition' (*e.g.*, the petitioner has some legitimate excuse for not filing the petition in a timely manner). That provision provides a mechanism for a petitioner whose post-conviction petition otherwise would be barred by strict application of the new 120-day rule to avoid the bar."

The Act now provides that an untimely petition may be filed if

> "the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition * * *." ORS 138.510(2).

Although the legislature may have intended to permit the late filing of a petition on the basis of some kind of good cause standard, the language used to convey that message is less than straightforward. The language in ORS 138.510(2), read literally, appears to dictate that an untimely petition, whatever its merits, can be considered only if an earlier petition

was timely filed. We need not construe the meaning of that language, because petitioner did not allege, and does not contend, that his petition fits within the purported exception to the 120-day limitation period.

■    Defendant contends that the new limitation may be applied to all persons convicted before August 5, 1989, so long as they are given a reasonable amount of time after that date to file a post-conviction petition. Defendant asserts that the new 120-day limit also measures a reasonable amount of time to challenge convictions entered before that date.[4]

Generally, determination of what is a reasonable amount of time is within the legislature's purview. *Texaco, Inc. v. Short*, 454 US 516, 527 n 21, 102 S Ct 781, 70 L Ed 2d 738 (1982) (*citing Wilson v. Iseminger*, 185 US 55, 22 S Ct 573, 46 L Ed 804 (1902)). However, the Oregon Supreme Court declared some time ago:

> "If the legislature should pass an act, barring a past action, without any allowance of time for the institution of a suit in future, such an act would be so unreasonable as to amount [to] a denial of [a] right, and call for the interposition of the court.

> "We conclude, then, that * * * *the court is bound*, by the fundamental law, *to give a party reasonable time* in which to escape the effect of such remedy." *McLaughlin v. Hoover*, 1 Or 31, 34 (1853). (Emphasis supplied.)

Oregon courts have not heretofore declared how to measure a "reasonable time" when the legislature has neglected to do so explicitly. We find North Carolina's approach instructive. When the legislature shortens a limitation period,

> "a reasonable time [to commence a suit after the effective date] shall be the balance of the time [remaining under the old law], provided it shall never exceed the time allowed by the new statute." *Spaulding v. R.J. Reynolds Tobacco Co.*, 93 NC App 770, 379 SE2d 49, 51 (1989), *aff'd* 326 NC 44, 387 SE2d 168 (1990).

---

[4] The Department of Justice represents in this case that it has not moved to dismiss any petition filed by December 3, 1989, which was the end of the 120-day period commencing on the amendment's effective date.

Oregon case law is consistent with that formula. Each time that appellate courts have gauged a "reasonable time" for bringing actions after the legislature shortened a limitation period, the "reasonable time" either equalled, or was less than, the new limitation period. *See Evans v. Finley*, 166 Or 227, 111 P2d 833 (1941); *McLaughlin v. Hoover, supra*; *Wolf v. Goin*, 26 Or App 23, 552 P2d 258, *rev den* 276 Or 133 (1976).

The 120-day period, from August 5 to December 3, 1989, provided a reasonable window of opportunity for petitioner to seek relief. He failed to take advantage of that opportunity. We are persuaded that the statute evinces the legislature's intent to apply the limitation period uniformly to all convictions, regardless of when they were entered in the register. Therefore, we hold that the post-conviction court correctly dismissed the petition.

Affirmed.

**BUTTLER, J.,** dissenting.

Because the legislature neither expressed its intention that the new 120-day Statute of Limitations for post-conviction actions, ORS 138.510, be applicable to judgments on convictions entered before the effective date (August 5, 1989) nor provided a grace period within which petitions concerning those pre-limitation judgments may be challenged under the Post Conviction Act, I dissent. As a matter of law, if the legislature had provided the grace period that the majority imposes *ad hoc*, it would have expressed its intention that the new limitation period apply to *all* judgments on convictions, whenever entered. *See Evans v. Finley*, 166 Or 227, 111 P2d 833 (1941). Because the legislature did not do that, it is not for this court to do so. The majority has put the cart before the horse.

The majority divines the legislature's intent out of thin air, as if the legislature does not know how to express its intention. That is unfair to that co-equal branch and is totally unjustified. When the legislature wants to apply a new limitation period retroactively, it says so. For example, in 1987, it adopted a new time limit for the appeal of premium audit disputes relating to workers' compensation insurance. *See Kilham Stationery v. National Council on Comp. Ins.*, 109 Or

App 545, 820 P2d 842 (1991). ORS 737.505, as amended, allows 60 days after receipt of a final premium audit billing within which appeals to the director must be made. At the same time that it adopted the new limitation, the legislature also amended ORS 737.318(4):

> "Notwithstanding ORS 737.505, the provisions of this section apply to all premium audit disputes between employers and insurers in existence on July 20, 1987, regardless of the policy year involved or the date of the final audit billing."

The legislature did not enact that kind of provision here.

The majority apparently accepts defendant's contention that the amendment is to be applied retroactively, because it does not express an *intention to exempt* those convicted before its effective date from the new limitation period, and that previously convicted persons, including petitioner, have a 120-day grace period from the effective date of the amendment within which to file a petition. That is a new twist. The general rule is that, in the *absence* of a clear legislative direction, a statute that shortens a limitation period is applied prospectively only. *Reynolds Metals Co. v State Tax Comm.*, 245 Or 156, 421 P2d 379 (1966); *Fullerton v. Lamm*, 177 Or 655, 163 P2d 941, 165 P2d 63 (1945); *Pitman v. Bump,* 5 Or 17 (1873); *Bergstad v. Thoren*, 86 Or App 70, 738 P2d 223 (1987); *Bower Trucking and Whse. Co. v. Multnomah Cty.*, 35 Or App 427, 432, 582 P2d 439 (1978).

Furthermore, contrary to defendant's assertion, ORS 138.510 *does* indicate the legislature's intention that the limitation provided by the amendment not be applied retroactively. ORS 138.510(3) expressly provides that post-conviction relief is available to persons convicted before May 26, 1959, the effective date of the original act. Obviously, the remedy would not be available to those persons if the newly adopted limitation was intended to apply retroactively, unless it can be said that the statute intends, by its silence, that there be a 120-day grace period. ORS 138.510(3) makes it clear that the post-conviction act applied retroactively, granting any person convicted of a crime, whether before or after the effective date of the act, the right to file for post-conviction relief. It is equally clear from that provision that the legislature knew how to express its intention to apply a statute

retroactively, yet it did not do so in enacting the new 120-day limitation.

In *Pitman v. Bump, supra,* the plaintiff brought an action for criminal conversation. The action accrued in March, 1870, at which time the limitation for bringing the action was six years. In October, 1870, the legislature shortened the limitation period to require that an action be brought two years "after the cause of action shall have accrued." The defendant contended that the action, commenced in February, 1873, was barred, because the amendment required that it be brought within two years after the time it had accrued or, in any case, not "beyond two years from the passage of the amendatory act." In rejecting each contention and holding that the amendment did not apply retroactively, the court stated:

> "The amendment makes but one rule for ascertaining when the period is to commence, and it makes no provision for a period to commence at the passage of the act; the time when the 'cause of action shall have accrued' is the only point at which the period can commence, and it would be disregarding the statute, rather than construing it, to make the period of two years commence at the passage of the amendment, without regard to the time when the cause of action accrued.

> "If any reasonable construction would exclude from the effect of the amendment all cases in which fully two years had then run, and yet include some other cases in which the cause of action had already arisen, we find no rule for determining which of the latter cases should be included, or for discriminating between causes of action that accrued nearly two years before the passage of the act, and those that accrued a month or even a day previous. The computation commencing in all cases at the time the cause of action accrued, it might include cases that would become barred in a week or a day after the passage of the act. As a general rule such construction is not favored, and courts have refused to give a retroactive effect to statutes of this kind, unless that intention is so clear and positive as by no possibility to admit of any other construction." 5 Or at 21.

Similarly, ORS 138.510(2), as amended, states but one rule for determining when an action must be brought: within 120 days after "the date the judgment or order on the conviction was entered in the register," if no appeal is taken. It would not be consistent with that expressed intention to

It would not be consistent with that expressed intention to interpret the statute to provide a grace period of 120 days to those convicted before its effective date. As indicated, I would conclude that the amendment provides no basis for determining that it is to be applied retroactively.

There is another line of cases that bears discussion, however. In *Evans v. Finley, supra,* 166 Or at 233, an action to establish the priority of a mortgage lien, the Supreme Court accepted the view that the

> "legislature may enact a statute which limits the time within which actions may be brought to enforce demands where there was previously no period of limitation or which shortens the existing time of limitations and such a law may operate upon existing contracts without necessarily being invalid as impairing their obligations. * * * *[T]he rule is subject to the limitation that a reasonable time must be given for the commencement of an action before the bar takes effect.*" (Emphasis supplied.)

The statute at issue there had been amended to require the filing of an affidavit by the mortgagee every three years in order to retain a priority over subsequent mortgagees. Clearly, the legislature intended the statute to apply retroactively, because it expressly provided a six-month grace period after its effective date to those for whom the time for acting would otherwise have expired before the enactment of the statute.

In *Nichols v. Wilbur,* 256 Or 418, 473 P2d 1022 (1970), a wrongful death case, the court quoted from a California decision that made essentially the same statement as quoted from *Evans:*

> " 'It is clear from the decisions of the courts of this state as well as those of other jurisdictions that a person has no vested right in the running of a statute of limitations unless it has completely run and barred the action. Before the action is barred by the statute, the Legislature has absolute power to amend the statute and alter the period of limitations prescribed therein, subject only to the requirement that a reasonable time must be allowed for the prosecution of an action or proceedings after the passage of an amendment shortening the period.' " 256 Or at 419, (*quoting Davis & McMillan v. Industrial Acc. Com.,* 198 Cal 631, 636, 246 P 1046 (1926)).

The question in *Nichols*, however, was whether a statute that *extended* the limitation period should be applied retroactively. Despite the fact that the statute itself indicated no clear intention that it be applied retroactively, the court held that it should be, also relying on a rule quoted from the California decision that

> " 'an amendment to a statute of limitations enlarging the period of time within which an action can be brought as to pending causes of action is not retroactive legislation, and does not impair any vested right.' " *Nichols v. Wilbur, supra,* 256 Or at 419, (*quoting Davis & McMillan v. Industrial Acc. Com., supra,* 198 Cal at 637).

Defendant contends that the two cited cases support the view that a statute that shortens a limitation period will be applied retroactively, so long as a reasonable time after its effective date is provided within which an individual with a previously accrued claim may bring an action. They do not. *Nichols*, apart from the quotations from the California decision, does not even discuss the retroactive application of a statute shortening a limitation period. Even the California decision dealt with a statute *extending* the limitation period. *Evans* is of no help to defendant, because the statute there expressly provided a grace period, thereby clearly indicating that it was to apply retroactively.

There is another reason why defendant's argument is not persuasive. The requirement for providing a reasonable grace period after the statute's effective date originated in contract cases to avoid the constitutional prohibition against the impairment of the obligations of contract. *See Evans v. Finley, supra,* 166 Or at 237. When the legislature expressly provides for a grace period, it expresses its intention that the statute be applied retroactively. In the absence of such a provision, I do not believe that a court's providing a grace period is a substitute for the legislature's doing so. That would express *our* intention, not the legislature's.

Defendant cites *McLaughlin v. Hoover*, 1 Or 31 (1853), for the proposition that a "new statute applies if the plaintiff/petitioner *actually* had a reasonable period after the effective date in which to file the action." (Emphasis defendant's.) First, as defendant appears to concede, later cases, including *Reynolds Metals Co. v. State Tax Comm., supra*;

*Fullerton v. Lamm, supra*; and *Pitman v. Bump, supra*, have rendered *McLaughlin* an "historical curiosity." In any event, the case is distinguishable. Unlike here, the new Statute of Limitations there did not change the time for filing an action; it left it as it was. Additionally, as the court concluded, the new statute indicated an intention that it apply to existing claims.

In *Wolf v. Goin*, 26 Or App 23, 552 P2d 258, *rev den* (1976), we held that an amendment adding a limitation where none had previously existed applied to an action that had accrued before the amendment's effective date, where the plaintiff had, in fact, had four years, "a patently 'reasonable' period," 26 Or App at 28, after the effective date of the amendment, within which to bring the action. I would disapprove that decision to the extent that it suggests that an amendment shortening a limitation period is to be applied retroactively, in the absence of an express intention to that effect, just because the plaintiff, in fact, had a reasonable time after its enactment within which to bring the action.

Finally, defendant contends that, although the amendment does not expressly state that it is to be applied to prior convictions, that intention can be inferred from ORS 138.510(2), allowing a waiver of the 120-day period in certain circumstances. ORS 138.510(2) makes the 120-day limitation applicable,

> "unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition."

Defendant argues that that language allows for the filing of an untimely original petition for post-conviction relief if the petitioner has a legitimate excuse for not having filed the petition timely. As I read the quoted language, however, it says nothing about the late filing of original petitions; it deals only with "subsequent" petitions. Neither does the amendment provide a basis for excusing the late filing of a petition; it authorizes the filing of a *subsequent* petition that states grounds for post-conviction relief that could not reasonably have been raised in the *original* petition that presumably was filed within the 120-day limitation. The language relied on contains no suggestion that the 120-day limitation should apply to prior convictions.

Because I would reverse and remand, I dissent.

Rossman, Edmonds and Durham, JJ., join in this dissent.