Argued and submitted June 7, resubmitted In Banc October 9, 1991, affirmed January 15, 1992

## LEROY WALKER,
*Appellant,*

*v.*

## R. L. WRIGHT,
*Respondent.*

(CV 90-229; CA A67124)

822 P2d 757

Gary D. Babcock, Salem, argued the cause and filed the brief for appellant.

Timothy A. Sylwester, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

PER CURIAM

Buttler, J., dissenting.

## PER CURIAM

Petitioner pled guilty to two counts of sodomy in the first degree, two counts of sex abuse in the first degree and one count of escape in the third degree. ORS 163.405; 163.427; ORS 162.145. His convictions became final on February 28, 1989, and on June 1, 1989. On August 5, 1989, an amendment adding a 120-day limitation to the Post-Conviction Hearing Act became effective.[1] On March 6, 1990, petitioner filed a petition for post-conviction relief. He filed an amended petition on May 30, 1990. It was dismissed on the ground that it was untimely. He asserts that the limitation may not be applied to him, because his conviction became final before its effective date.

In *Boone v. Wright*, 110 Or App 281, 822 P2d 719 (1991), we concluded that the legislature intended the new limitation to apply to convictions entered in the register before its effective date. Petitioner had 120 days after the amendment's effective date to file a post-conviction petition. 110 Or App at 287. He failed to file his petition within that time. Accordingly, it was untimely.

We decline to address petitioner's constitutional arguments, because he raises them for the first time on appeal. *Cooper v. Eugene Sch. Dist. No. 4J*, 301 Or 358, 369 n 12, 723 P2d 298 (1986); *Morrow v. Maass*, 109 Or App 694, 820 P2d 1374 (1991).

Affirmed.

**BUTTLER, J.,** dissenting.

I dissent for the reasons stated in my dissent in *Boone v. Wright*, 110 Or App 281, 822 P2d 719 (1991).

Rossman, Edmonds and Durham, JJ., join in this dissent.

---

[1] Or Laws 1989, ch 1053, §§ 19, 22. ORS 138.510(2) now provides, in part:

"A petition pursuant to [the Post-Conviction Hearing Act] must be filed within 120 days of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not reasonably have been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."